# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-02061-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR PERMISSION TO FILE PLEADINGS AND OTHER PAPERS ELECTRONICALLY AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (ECF Nos. 6, 7, 8)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Krishna Reddy, appearing pro se and in forma pauperis in this action, filed this action on December 19, 2012. (ECF No. 1.) On April 12, 2013, the Court screened Plaintiff's complaint and found that it stated some cognizable claims and Plaintiff was ordered to either file an amended complaint or notify the Court that she was willing to proceed on the cognizable claims within thirty days. (ECF No. 5.) On May 8, 2013, Plaintiff filed a motion to appoint counsel, a motion for an extension of time to respond to the April 12, 2013 order, and a motion for permission to file pleadings electronically. (ECF Nos. 6, 7, 8.)

## I.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff states that she has contacted more than twenty five attorneys who have refused to represent her in this action without payment of a retainer. Plaintiff alleges that it would be abuse of discretion to fail to locate counsel under 42 U.S.C. § 2000e-5(f).

1

Generally, a plaintiff in a civil action does not have a constitutional right to appointed counsel. Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). The court has discretion to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Three factors the court should consider in determining whether to appoint counsel are the plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merit of plaintiff's claims. Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 823 (9th Cir. 1991).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). " "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)).

Pursuant to 42 U.S.C. § 2000e-5(f), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." The decision to appoint counsel is within the discretion of the district court and the court is not required to appoint counsel in every employment discrimination case. Johnson, 939 F.2d at 824 ).

Plaintiff argues that it would be an abuse of discretion to fail to locate counsel for her, citing Howard v. Military Dep't, 5 F.3d 537 (9th Cir. 1993) (unpublished). In Howard the court abused its discretion because it found that plaintiff's case was appropriate for the appointment of an attorney, but did not appoint an attorney because there were no funds available for payment and no method in place to allow for the appointment of a pro bono attorney. Howard, 5 F.3d at 1. Howard holds that it is an abuse of discretion for the court to fail to appoint an attorney in an action where the appointment is found to be appropriate, not that failure to appoint counsel is per se abuse of discretion in an employment action. Therefore, the court shall address whether Plaintiff's case is appropriate for appointment of counsel.

In the present case, the court does not find the required exceptional circumstances to grant Plaintiff's motion for appointment of counsel. Based upon a review of the complaint and Plaintiff's filings in this action, Plaintiff is adequately able to articulate her claims. Further, a review of court records reveals that Plaintiff is an experienced litigant, and several of her cases involve similar claims to those raised here.[1]

Even if the Court assumes that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings and having carefully reviewed the complaint, the court cannot make a determination that Plaintiff is likely to succeed on the merits of her claim. Plaintiff has failed to demonstrate that the required exceptional circumstances exist which would support granting appointment of counsel. Therefore, the Court denies Plaintiff's motion for appointment of counsel without prejudice.

## II.

## MOTION FOR PERMISSION TO FILE PLEADINGS AND OTHER PAPERS THROUGH CM/ECF

Plaintiff seeks the Court's permission to file documents electronically through the electronic case management/filing ("CM/ECF") system. Pursuant to the Local Rules , a pro se party shall file and serve paper documents as required by the Rule. Local Rule 133(a). A party appearing pro se may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion. Local Rule 133(b)(2), (3).

Upon review of the pleadings in this action, the instant motion, and Plaintiff's prior actions, the Court finds that this action does not warrant an exception to the Local Rule and

---

[1] The Court takes judicial notice of court records and Plaintiff's previously filed pro se actions. Reddy v. Redlands Community Hospital, 5:95-cv-00453-RT-VAP (C.D.Cal); Reddy v. Loma Linda Community Hospital, 8:97-cv-00056-AHS-EE (C.D.Cal.); Reddy v. Superior & Municipal Court of California, 8:97-cv-00923-AHS-SH; In re Krishna K. Reddy, 2:98-cv-03250-ABC (C.D.Cal.); Reddy v. Home Side Lending, 2:99-cv-04431-ABC-SH (C.D.Cal.); Reddy v. United States District Court, 2:00-cv-01452-MMM (C.D.Cal.); Reddy v. State of Florida, 5:02-cv-01187-RT-SGL (C.D.Cal); Reddy v. Medquist, Inc., 1:06-cv-04410-RBK-AMD (D.N.J); Reddy v. Gilbert Medical Transcription Service, Inc., 2:10-cv-00524-JFW-DTB (C.D.Cal.); Reddy v. Webmedx, 2:12-cv-02406-CAS-JC (C.D.Cal.); Reddy v. Nuance Communications, Inc., 5:11-cv-05632-PSG (N.D.Cal.); Reddy v. Superior Global Solutions, Inc., 4:11-cv-00845-RC-ALM (E.D.Tex.); Reddy v. Medquist, Inc., 5:12-cv-01325-PSG (N.D.Cal.).

Plaintiff's motion for permission to file through CM/ECF is denied.

## III.

## MOTION FOR EXTENSION OF TIME

Plaintiff seeks an extension of time to conduct research so she can file an amended complaint in compliance with the Court's April 12, 2013 order. The Court shall grant Plaintiff's request. However, Plaintiff is advised that her amended complaint shall not contain any legal arguments or cite to any cases or statutes and if it violates this order, the amended complaint shall be stricken from the record.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed May 8, 2013, is DENIED;
2. Plaintiff's motion for permission to file pleadings and other papers electronically, filed May 8, 2013, is DENIED;
3. Plaintiff's motion for an extension of time, filed May 8, 2013, is GRANTED;
4. Within thirty (30) days from the date of service of this order, Plaintiff shall either file an amended complaint in compliance with this and the April 12, 2013 order or notify the Court that she wishes to proceed on the claims found to be cognizable in her complaint; and
5. Failure to file an amended complaint or notice in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated: **May 9, 2013**

UNITED STATES MAGISTRATE JUDGE