IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>        Plaintiff,<br>   v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>        Defendants. | 1:12-CV-2061 AWI SAB<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br><br>(Document #10) |

## BACKGROUND

Plaintiff Krishna Reddy ("Plaintiff") filed a complaint in this action and is appearing pro se and has been granted permission to proceed in forma pauperis. On April 12, 2013, the Magistrate Judge assigned to this action screened Plaintiff's complaint and found that it stated some cognizable causes of action. The Magistrate Judge ordered Plaintiff to either file an amended complaint or notify the Court within thirty days that she was willing to proceed on the cognizable causes of action.

On May 8, 2013, Plaintiff filed a motion to appoint counsel, a motion for additional time to respond to the April 12, 2013 order, and a motion for permission to file pleadings electronically. On May 10, 2013, the Magistrate Judge assigned to this action denied Plaintiff's motion for counsel and to file pleadings and other papers electronically. The Magistrate Judge granted Plaintiff's motion for an extension of time.

On May 30, 2013, Plaintiff filed a motion for reconsideration by the assigned District Court Judge of the Magistrate Judge's May 10, 2013 ruling.   Plaintiff contends that she is entitled to counsel because she has met the requirements set forth by statute and she should be allowed to file electronically.

## LEGAL STANDARD

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948).

## DISCUSSION

**A.  Appointment of Counsel**

Plaintiff requests reconsideration of the Magistrate Judge's order denying the appointment of counsel.   As explained in the Magistrate Judge's May 10, 2013 order, there is no constitutional right to the appointment of counsel in employment discrimination cases.   <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982).   Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just."  42 U.S.C. § 2000e–5(f)(1)(B).   In reviewing an application for counsel, the Court "is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."  <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir.1981) (citing <u>Caston v. Sears, Roebuck & Co.</u>, 556 F.2d 1305, 1308–10 (5th Cir. 1977) and <u>Luna v. Int'l Ass'n of Machinists & Aerospace Workers</u>, 614 F.2d 529, 531 (5th Cir. 1980)).   The plaintiff has the burden of proof and must meet all three factors.  <u>Castner v. Colorado Springs Cablevision</u>, 979 F.2d 1417, 1421 (10th Cir. 1992).   In addition to the three Bradshaw factors, the Court may consider the plaintiff's ability to proceed pro se.   See <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding 28

U.S.C. § 1915(e)(1) only allows the court to appoint counsel if exceptional circumstances are present); Bradshaw, 662 F.2d at 1318 n.43 (holding other factors may be taken into account when appointing counsel if they are consistent with 42 U.S.C. § 2000e-5(f)'s policy).

The first factor requires the Court to review Plaintiff's financial resources.  As found by the Magistrate Judge, Plaintiff meets the first factor because she has been granted permission to proceed in forma paupuris.

In assessing whether Plaintiff's efforts to obtain counsel were reasonably diligent, a court may review the plaintiff's skill in obtaining counsel, the number of attorneys that the plaintiff contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the reasons that each attorney refused to take the case. See, e.g., Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1422 (10th Cir. 1992); Luna v. International Ass'n of Machinists and Aerospace Workers Local No. 36, 614 F.2d 529, 531 (5th Cir. 1980).  While the Magistrate Judge found this factor was met based on Plaintiff's assertion that she had contacted 25 attorneys, on reconsideration, it is unclear if Plaintiff has met this factor.  Plaintiff provides no information or evidence concerning the attorneys she contacted, whether these attorneys' specialize in employment discrimination cases on behalf of employees, how she contacted the attorneys, what information she gave the attorneys, and the exact reason gavin when they refused to represent her.  Regardless, the Court agrees with the Magistrate Judge that the third factor has not been met, and counsel can be denied irrespective of whether additional information concerning the contacted attorneys is provided.

The third factor requires the Court to address the merits of Plaintiff's action.  Plaintiff contends that because the Magistrate Judge screened her action and found service appropriate, she has sufficiently shown that her action has merit.  In Bradshaw, the Ninth Circuit found that when an administrative agency, such as the EEOC, who charged with enforcing employment statutes, has made a determination that there is reasonable cause to believe that the plaintiff was the victim of discrimination, the court ordinarily needs to make no further inquiry before

appointing counsel.  Bradshaw, 662 F.2d at 1320.   In this action, the EEOC did not find reasonable cause to believe Plaintiff had been the victim of discrimination.  Rather, the EEOC merely found that it was unable to conclude whether there was a violation of federal employment statutes and issued a right to sue letter.  The Magistrate Judge's finding that the complaint states a claim as to some causes of action was merely made pursuant to the Court's screening, as set forth in 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge's ruling only found that some of the complaint's causes of action state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The Magistrate Judge's finding that some of the complaint's causes of action comply with Rule 8(a) is merely a judicial finding that Plaintiff has set forth sufficient factual allegations, if accepted as true, to state a claim that is plausible on its face.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Such a finding is far different than a finding that there is reasonable cause to believe that the plaintiff will win on the merits of her claim because she has proved she was the victim of discrimination.  Thus, neither the EEOC's findings nor the Magistrate Judge's finding that the complaint states a claim under Rule 8 is sufficient.

Finally, the Court agrees with the Magistrate Judge that Plaintiff seems quite capable of continuing to pursue this action pro se.  Plaintiff is able to gather and present crucial facts, as evidenced by her detailed 43 page complaint, previously filed motions, and pending motion for reconsideration.  Further, Plaintiff has filed previous employment discrimination lawsuits, and, as such, she is familiar with court procedures and the relevant law.  Thus, the Court cannot find that the Magistrate Judge committed clear error in finding Plaintiff not entitled to counsel pursuant to 28 U.S.C. § 200e-5(f).

**B. Plaintiff's Request to File Electronically**

Plaintiff requests reconsideration of the Magistrate Judge's order denying her motion to file documents electronically through the Court's electronic case management/filing system

("CM/ECF"). Local Rule 133 provides in relevant part:

> **(a) Electronic Filing.** The Eastern District of California is an electronic case management/filing district (CM/ECF). . . . attorneys shall file all documents electronically. . . . Pro se parties shall file and serve paper documents as provided in these Rules. After a pro se party files a paper document, the Clerk will transform the paper filing into an electronic record and ultimately discard the paper filing.
> **(b) Exceptions**
> . . . .
> **(2) Pro Se Party Exception.** Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See L.R. 133(b)(3). All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules.
> **(3) Form of Requests.** Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held. Requests may also be made in scheduling conference and pretrial conference statements when the need can be foreseen.

Pursuant to the Local Rules, Plaintiff may not utilize CM/ECF without permission. The Magistrate Judge has denied Plaintiff permission to electronically file documents. The Magistrate Judge's decision is not contrary to the assigned Judges' discretion concerning pro se litigants and allowing them to utilize CM/ECF. The Magistrate Judge's discretionary decision was also not clear error. See, e.g., Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.")

**ORDER**

Accordingly, Plaintiff's motion for reconsideration (Document #10) is DENIED.

IT IS SO ORDERED.

Dated:   June 11, 2013

_____
SENIOR  DISTRICT  JUDGE