# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-02061-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Krishna Reedy is appearing pro se and in forma pauperis in this action.  On April 12, 2013, an order issued requiring Plaintiff to either file an amended complaint or notify the Court that she wished to proceed on the claims found to be cognizable in the complaint.  (ECF No. 5.)  On May 10, 2013, an order issued granting Plaintiff's request for a thirty day extension of time to file an amended complaint and denying Plaintiff's motion for appointment of counsel and motion to file documents electronically.  (ECF No. 9.)  On May 30, 2013, Plaintiff filed a motion for the District Court to reconsider the order denying appointment of counsel and electronic filing of documents.  (ECF No. 10.)  The District Court denied Plaintiff's motion for reconsideration on June 11, 2013.  (ECF No. 11.)  Plaintiff has not filed an amended complaint within the thirty days granted in the May 10, 2013 order.  Plaintiff was warned that failure to file a complaint or notice in compliance with this Court's orders would result in dismissal of this action.

　　　　The Court has the inherent power to control its docket and may, in the exercise of that

1

power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

The public's interest in expeditious resolution of the litigation and the court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint or notify the court of her intention to proceed on the claims found cognizable within thirty days of April 12, 2013. After being granted a thirty day extension of time to file an amended complaint, Plaintiff has neither filed an amended complaint nor notified the court that she wishes to proceed on the claims found to be cognizable. Plaintiff's failure to comply with the orders of the court hinders the court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted by Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits weighs against dismissal. However, it is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the court's orders.

Finally, the Court finds that no other less drastic sanctions are available. Since Plaintiff is

proceeding in forma pauperis ordering monetary sanctions would be futile.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 18, 2013**

UNITED STATES MAGISTRATE JUDGE

3