IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


KRISHNA REDDY,                                1:12-cv-02061-AWI-SAB

               Plaintiff,           **ORDER ON MOTIONS AND ON**
                                             **MATISTRATE JUDGE'S**
      v.                                     **FINDINGS AND**
                                             **RECOMENDATIONS**
PRECYSE SOLUTIONS, LLC, et al.,
                                             (Docs. 12, 14, 15)
               Defendants.

_____/


**I. INTRODUCTION**

Plaintiff Krishna Reddy has filed (1) a motion (doc. 14) to set aside and vacate the portion of the Magistrate Judge's May 9, 2013 order denying Plaintiff's May 8, 2013 motions for appointment of counsel and permission to file pleadings and other papers using the Court's CM/ECF system, and for an order appointing counsel and granting CM/ECF privileges, or for transfer out of the district in the alternative; and (2) a motion (doc. 15) to stay the proceedings pending an appeal of the portion of the Magistrate Judge's May 9, 2013 order denying appointment of counsel.  For reasons discussed below, these motions shall be denied.

1

The Magistrate Judge has issued findings and recommendations (doc. 12) recommending the action be dismissed without prejudice for failure to prosecute.  For reasons discussed below, the Court respectfully declines to adopt the findings and recommendations.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On December 19, 2012, plaintiff Krishna Reddy ("Plaintiff" or "Reddy") filed her complaint for damages and declaratory and injunctive relief against defendants Precyse Solutions, LLC et al.  On December 19, 2012, Plaintiff also filed an application to proceed *in forma pauperis*.  The Magistrate Judge granted Plaintiff's application on December 21, 2012.

On April 12, 2013, the Magistrate Judge issued an order directing Plaintiff to do one of the following within thirty days of service of the order: (1) file an amended complaint curing the various deficiencies identified by the Court; or (2) notify the Court in writing if she did not wish to file an amended complaint and was willing to proceed only against defendant Precyse Solutions, LLC for various state and federal causes of action.  The Magistrate Judge cautioned Plaintiff if she failed to comply, her action would be dismissed for failure to obey a court order.

Plaintiff did not file an amended complaint within the thirty day period or notify the Court of her intent to proceed solely against Precyse Solutions, LLC.  Instead, on May 8, 2013, Plaintiff filed an application for appointment of counsel.  Plaintiff alleged she did not have sufficient funds to pay an attorney to represent her and that she had contacted more than 25 attorneys in California, but none were willing to represent her without payment of a retainer.  On May 8, 2013, Plaintiff also filed an application for extension of time to the respond to the Magistrate Judge's April 12, 2013 order, as well as an application for permission to file pleadings and other papers electronically using the Court's CM/ECF system.

On May 9, 2013, the Magistrate Judge denied Plaintiff's applications for appoint of counsel, for extension of time to respond to the Magistrate Judge's April 12, 2013 order, and for permission to file pleadings and other papers electronically using the Court's CM/ECF system.

On May 30, 2013, Plaintiff filed a motion for reconsideration of the Magistrate Judge's May 9, 2013 order.  On June 11, 2013, the Court denied Plaintiff's motion for reconsideration.

On June 18, 2013, the Magistrate Judge issued findings and recommendations (doc. 12) recommending Plaintiff's action be dismissed for failure to prosecute.  Plaintiff filed objections to the Magistrate Judge's findings and recommendations on July 5, 2013.

On July 8, 2013, Plaintiff filed a motion (doc. 14) to set aside and vacate the portion of the Magistrate Judge's May 9, 2013 order denying appointment of counsel and CM/ECF privileges, and for an order appointing counsel and granting CM/ECF privileges.  Plaintiff further requested the Court transfer the case to the Central District in the alternative.  On July 8, 2013, Plaintiff also filed a motion (doc. 15) to stay the proceedings pending an appeal of the portion of the Magistrate Judge's May 9, 2013 order denying appointment of counsel.


**III. DISCUSSION**


***A. Plaintiff's motion to stay the proceedings (doc. 15)*** – Initially, Plaintiff moves to stay the proceedings "until such time that an appeal is taken to the Ninth Circuit Court of Appeal from the order denying appointment of counsel to represent me in this action, and until such time that the Ninth Circuit disposes off [sic] the appeal and issues a mandate."  As no appeal has been filed and the time to appeal has passed, the Court finds no good cause to stay the proceedings, and Plaintiff's motion to stay the proceedings must therefore be denied.

**B. Plaintiff's motion to set aside and vacate the orders denying appointment of counsel and CM/ECF privileges (doc. 14)** – Plaintiff further moves to set aside and vacate the Magistrate Judge's May 9, 2013 order denying appointment of counsel and CM/ECF privileges, and for an order appointing counsel and granting CM/ECF privileges.  Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds this motion must be denied.  The arguments Plaintiff now raises are identical to the arguments Plaintiff raised in her May 30, 2013 motion for reconsideration of the Magistrate Judge's May 9, 2013 order, which the Court considered and ultimately rejected in its June 11, 2013 order denying reconsideration. Accordingly, Plaintiff's motion is unavailing and must therefore be denied.

In the alternative, Plaintiff requests the Court transfer the case to the Central District. Plaintiff alleges, "As I live out of town away from the Fresno Court, transfer of the case to the Riverside Division of the Central District would be proper, as I live 50 miles away from the Riverside Division, and would be able to file my documents on the day they are due, in person, instead of preparing and mailing them far in advance to the Fresno Court Clerk's office, for them to be filed on time."  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations omitted).

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case.  For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2)

4

the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).  Problematically for Plaintiff, the foregoing list is neither exclusive nor exhaustive, and no one factor is dispositive.  Accordingly, the Court does not believe that the single reason given by Plaintiff is sufficient to justify a transfer of venue.  Plaintiff's request to transfer the case to the Central District is therefore denied without prejudice to renewal.

***C. The Magistrate Judge's June 18, 2013 findings and recommendations (doc. 12)*** – Lastly, the Court reviews the Magistrate Judge's June 18, 2013 findings and recommendations recommending Plaintiff's action be dismissed without prejudice for failure to prosecute.  As to a magistrate judge's findings and recommendations, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations[.]"  28 U.S.C. § 636(b)(1).  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

The Court has conducted a de novo review of the case in accordance with the provisions of 28 U.S.C. § 636(b)(1) and Eastern District Local Rule 305, and respectfully declines to adopt the findings and recommendations at issue.  Given that Plaintiff has stated cognizable claims against at least Precyse Solutions, LLC, the Court finds it appropriate to allow the case to proceed.  That being said, the Court agrees it was proper for the Magistrate Judge to request that Plaintiff either amend the complaint in an attempt to state a claim against the other named defendants or notify the Court of her intent to stand on the complaint as against Precyse

Solutions, LLC.  Accordingly, the Court shall give Plaintiff one final opportunity to do precisely that within thirty days of entry of this order.  Should Plaintiff fail to do so, the action shall forthwith be dismissed without prejudice and without further notice to Plaintiff.

**IV. DISPOSITION**

Based on the foregoing, the Court respectfully declines to adopt the findings and recommendations (doc. 12) issued June 18, 2013.  It is further ORDERED and ADJUDGED:

1. Plaintiff's motion (doc. 14) for an order to set aside and vacate the order denying appointment of counsel and CM/ECF privileges, and for an order appointing counsel and granting CM/ECF privileges is DENIED;

2. Plaintiff's request to transfer venue in the alternative is DENIED without prejudice;

3. Plaintiff's motion (doc. 15) to stay the proceedings is DENIED; and

4. Plaintiff shall have one final opportunity within thirty days of entry of this order to: (a) file an amended complaint curing the deficiencies identified by the Court in its April 12, 2013 order (doc. 5), or (b) notify the Court in writing that she does not wish to file an amended complaint and is willing to proceed only against Precyse Solutions, LLC for disparate treatment in violation of Title VII and 42 U.S.C. § 1981; and state law claims for disparate treatment under the California Fair Employment and Housing Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and wage laws.

IT IS SO ORDERED.

Dated:   October 29, 2013        _____

                                         SENIOR  DISTRICT  JUDGE