# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY, | Case No. 1:12-cv-02061-AWI-SAB |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| PRECYSE SOLUTIONS LLC, et al., | |
| Defendants. | |

## I.

## PROCEDURAL HISTORY

Plaintiff Krishna Reedy is appearing pro se and in forma pauperis in this action. On April 12, 2013, the Magistrate Judge screened Plaintiff's complaint, and the Magistrate Judge issued an order requiring Plaintiff to either file an amended complaint or notify the Court that she wished to proceed on the claims found to be cognizable in the complaint. (ECF No. 5.) On May 10, 2013, an order issued granting Plaintiff's request for a thirty day extension of time to file an amended complaint and denying Plaintiff's motion for appointment of counsel and motion to file documents electronically. (ECF No. 9.)

On May 30, 2013, Plaintiff filed a motion for the undersigned to reconsider the order denying appointment of counsel and electronic filing of documents. (ECF No. 10.) Plaintiff's motion for reconsideration was denied on June 11, 2013. (ECF No. 11.) On June 18, 2013, the

1  Magistrate Judge issued a findings and recommendation recommending dismissing this action
2  due to Plaintiff's failure to file an amended complaint in compliance with the May 10, 2013
3  order.  (ECF No. 12.)  Plaintiff filed objections to the findings and recommendations on July 5,
4  2013; a motion to set aside and vacate the June 11, 2013 order and a motion to stay this action on
5  July 8, 2013.  (ECF Nos. 13, 14, 15.)

   On October 30, 2013, the undersigned issued an order denying Plaintiff's motion to set aside and vacate the June 11, 2013 order and motion to stay this action and declined to adopt the Magistrate Judge's findings and recommendations.  (ECF No. 18.)  In the order, Plaintiff was granted one final opportunity to file an amended complaint or inform the court of her intent to proceed on the claims found to be cognizable in the complaint.  Plaintiff was advised that failure to comply with the order would result in this action being dismissed without prejudice.

## II.
## LEGAL STANDARD

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

## III.
## DISCUSSION

The public's interest in expeditious resolution of the litigation and the court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff has twice been ordered to file an amended complaint or notify the court of her intention to proceed on the claims found cognizable.

2

1   Plaintiff was granted a thirty day extension of time to file an amended complaint.  Plaintiff has
2   neither filed an amended complaint nor notified the court that she wishes to proceed on the claims
3   found to be cognizable.  Plaintiff's failure to comply with the orders of the court hinders the
4   court's ability to move this action towards disposition, and indicates that Plaintiff does not intend
5   to diligently litigate this action.

6       Because it appears that Plaintiff is unable or unwilling to properly diligently litigate this
7   action, there arises a rebuttable presumption of prejudice to the defendants in this action.  In re
8   Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  At this time, Plaintiff has neither complied with
9   the Court's October 30, 2013 order or sought an extension of time to comply.  The risk of
10  prejudice to the Defendants also weighs in favor of dismissal.

11      The public policy in favor of deciding cases on their merits weighs against dismissal.
12  However, it is Plaintiff's responsibility to move this action forward.  This action can proceed no
13  further without Plaintiff's cooperation and compliance with the order at issue, and the action
14  cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor
15  does not outweigh Plaintiff's failure to comply with the court's orders.

16      Finally, the Court finds that no other less drastic sanctions are available.  Since Plaintiff is
17  proceeding in forma pauperis, ordering monetary sanctions would be futile.

## IV.

## CONCLUSION AND ORDER

20      Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED,
21  without prejudice.   The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   December 5, 2013                    _____
                                              SENIOR  DISTRICT  JUDGE