# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>  Plaintiff,<br><br>  v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>  Defendants. | Case No. 1:12-cv-02061-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE THE ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND SET ASIDE JUDGMENT AND DIRECTING CLERK'S OFFICE TO REOPEN ACTION AND SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT<br><br>(ECF Nos. 21, 22)<br><br>THIRTY-DAY DEADLINE |

**I.**

**PROCEDURAL HISTORY**

Plaintiff Krishna Reedy is appearing pro se and in forma pauperis in this action. After Plaintiff failed to respond to the Magistrate Judge's order requiring her to file an amended complaint or notify the Court that she was willing to proceed on the claims found to be cognizable in her complaint, on June 18, 2013, the Magistrate Judge issued a findings and recommendation recommending this action be dismissed for failure to prosecute. (ECF Nos. 4, 12.) Plaintiff filed objections to the recommendation for dismissal of this action on July 5, 2013. (ECF No. 13.) On July 8, 2013, Plaintiff filed a motion to set aside the order denying appointment of counsel and CM/ECF privileges and to transfer this action out of the district and a

1

motion to stay the proceedings. (ECF Nos. 14, 15.)

On October 30, 2013, the undersigned issued an order denying Plaintiff's motions to set aside the order denying counsel and CM/ECF privileges and to transfer this action, and Plaintiff was granted thirty days in which to either file an amended complaint or notify the Court that she was willing to proceed on the claims found to be cognizable in the complaint. (ECF No 18.) After Plaintiff failed to comply with the October 30, 2013 order, this action was dismissed without prejudice for failure to prosecute on December 6, 2013, and judgment was entered. (ECF Nos. 19, 20.)

On January 3, 2013, Plaintiff filed a motion to set aside the order dismissing this action and a declaration in support. (ECF No. 21-22.) On January 10, 2014, the Ninth Circuit stayed Plaintiff's appeal pending resolution of Plaintiff's motion to set aside the order dismissing the action. (ECF No. 25.)

## II.

## MOTION TO VACATE ORDER AND SET ASIDE JUDGMENT

Plaintiff moves to vacate the order dismissing this action for failure to prosecute and setting aside the judgment that was entered. Plaintiff states that she did not receive the October 30, 2013 order requiring her to respond within thirty days.[1] Based upon a review of the Court docket, it is unclear whether the October 30, 2013 order was mailed to Plaintiff. Accordingly, the Court shall grant Plaintiff's motion to vacate the order dismissing this action without prejudice and set aside the judgment entered in this action. Plaintiff shall be granted one final opportunity to either file an amended complaint or notify the Court of her willingness to proceed on those claims found to be cognizable in the order issued April 12, 2013.

## III.

## MOTION TO APPOINT COUNSEL AND GRANT CM/ECF PRIVILEGES

Plaintiff also moves for an order appointing counsel and granting CM/ECF privileges.

---

[1] Although Plaintiff claims that she did not receive the October 30, 2013 order, she has included a copy of it in her notice of appeal. (ECF No. 23.) Since Plaintiff has received a copy of the order, the Court will not order a copy to be mailed to Plaintiff.

The Court has previously denied Plaintiff's request for reconsideration of the order appointing counsel and denying Plaintiff CM/ECF privileges. Plaintiff fails to set forth any new facts or argument in support of the motion to appoint counsel or grant CM/ECF privileges and the motions are therefore denied.

### IV.

### MOTION TO TRANSFER ACTION

Plaintiff moves to transfer this action to the Central District of California. The Court construes the motion to transfer this action to the Central District as a motion for reconsideration of the October 30, 2013 order denying such transfer. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff has failed to set forth any grounds for reconsideration of the order denying transfer of this action to the Central District. Accordingly, Plaintiff's motion is denied.

### V.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the order dismissing this action for failure to prosecute and set aside the judgment is GRANTED;
2. The December 6, 2013 order dismissing this action is VACATED and the Judgment is SET ASIDE;
3. Plaintiff's motion for appointment of counsel is DENIED;

4. Plaintiff's motion for permission to use CM/ECF is DENIED;

5. Plaintiff's request to transfer this action, which is construed as a motion for reconsideration, is DENIED;

6. The Clerk of the Court is DIRECTED to reopen this action;

7. Plaintiff is granted one final opportunity within thirty days of entry of this order to: (a) file an amended complaint curing the deficiencies identified by the Court in its April 12, 2013 order (doc. 5), or (b) notify the Court in writing that she does not wish to file an amended complaint and is willing to proceed only against Precyse Solutions, LLC for disparate treatment in violation of Title VII and 42 U.S.C. § 1981; and state law claims for disparate treatment under the California Fair Employment and Housing Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and wage laws;

8. If Plaintiff fails to comply with this order, this action shall be dismissed without prior notice for failure to prosecute; and

9. The Clerk's Office is DIRECTED to serve a copy of this order on the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   January 13, 2014

SENIOR DISTRICT JUDGE

4