# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02061-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF NON-FINAL ORDERS FOR APPEAL AND REQUEST FOR STAY OF PROCEEDINGS; AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 5, 31) |

## I.

## PROCEDURAL HISTORY

Plaintiff Krishna Reddy filed this action on December 19, 2012. (ECF No. 1.) On April 12, 2013, the complaint was screened by the magistrate judge and an order issued requiring Plaintiff to either file an amended complaint or notify the Court that she was willing to proceed on those claims found to be cognizable in the complaint. (ECF No. 5.) On May 10, 2013, the magistrate judge issued an order denying Plaintiff's motion for appointment of counsel and motion to file papers electronically and granting Plaintiff thirty additional days to file an amended complaint or notify the Court that she would proceed on the cognizable claims. (ECF No. 9.)

On June 11, 2013, the undersigned denied Plaintiff's motion for reconsideration of the orders of the magistrate judge. (ECF No. 11.) On October 10, 2013, an order issued denying Plaintiff's motion for a stay of the proceedings and granting Plaintiff thirty days to file an

1

amended complaint. (ECF No. 18.) On December 6, 2013, this action was dismissed for Plaintiff's failure to file an amended complaint or notify the Court of her intent to proceed on the cognizable claims. (ECF No. 19.)

Plaintiff filed a motion to set aside the judgment on January 3, 2014. (ECF No. 21.) On January 23, 2014, the undersigned ordered that this action be reopened and Plaintiff was granted thirty days in which to file an amended complaint or notify the Court that she is willing to proceed on the claims found cognizable in the complaint. (ECF No. 30.) On February 18, 2014, Plaintiff filed a motion to certify the nonappealable orders for appeal and for a stay of the proceedings and indicated that she intended to stand on her complaint. (ECF No. 31.)

## II.

## DISCUSSION

### A. Motion to Stay

Plaintiff once again requests that this action be stayed while she appeals the denial of her motion for appointment of counsel. The Court construes Plaintiff's motion for a stay of the proceedings as a motion for reconsideration. The Court has considered Plaintiff's motions for appointment of counsel and a stay of this action while she files an appeal on several occasions. (ECF Nos. 9, 11, 18.) Plaintiff continues to raise the same arguments that were presented in her previous motions. These arguments have been considered and rejected by both the magistrate judge and this Court. Plaintiff's motion for a stay of the proceedings is denied. Further, any further such motions filed raising these same arguments shall be stricken from the record.

### B. Motion to Certify Non-Appealable Orders for Appeal

Plaintiff seeks for the Court to certify the non-appealable orders for an interlocutory appeal. Plaintiff requests that the Court certify an order dismissing certain of her claims for appeal so that she can appeal the finding that she failed to state cognizable claims.

Under 28 U.S.C. § 1291, the court of appeals has jurisdiction over final decisions of the district court. Couch v. Telescope Inc. 611 F3.d 629, 632 (9th Cir. 2010). However, the district court may certify an order that is otherwise not appealable where "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and

1 that an immediate appeal from the order may materially advance the ultimate termination of the
2 litigation." Couch, 611 F.3d at 311 (quoting 28 U.S.C. § 1291(b)).

3     The Court does not find that Plaintiff has met her burden of showing that the orders at issue in this action involve a controlling question of law to which there is a substantial ground for a difference of opinion or that an appeal of the order would materially advance the ultimate termination of the litigation. Plaintiff seeks to appeal the finding that her complaint fails to state some cognizable claims. Plaintiff's difference of opinion with the findings of the Court does not create a reason to certify this action for an interlocutory appeal. Plaintiff will have the opportunity to appeal any interlocutory orders when a final decision is entered in the action.

### C.  Notice of Intent to Proceed on Complaint

    On April 12, 2013, the Magistrate Judge screened Plaintiff's complaint, and found that it states a claim against Defendant Precyse for disparate treatment in violation of Title VII and 42 U.S.C. § 1981, and state law claims for disparate treatment under the Fair Employment and Housing Act, breach of contract, breach of the covenant of good faith and fair dealing and wage laws, but does not state any other cognizable claims for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff was ordered to either file an amended complaint or notify the Court of her willingness to proceed only on the claim found to be cognizable. On February 18, 2014, Plaintiff filed a notice stating that she does not wish to amend and will stand on her complaint. (ECF No. 31.) The Court shall therefore dismiss the remaining claims and defendants and this action shall proceed on the claims found to be cognizable in the April 12, 2013 order.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay this action is DENIED;
2. Plaintiff's motion for certification of an interlocutory appeal is DENIED;
3. This action shall proceed against Defendant Precyse for disparate treatment in violation of Title VII and 42 U.S.C. § 1981, and state law claims for disparate treatment under the Fair Employment and Housing Act, breach of contract, breach

of the covenant of good faith and fair dealing and wage laws

4. Defendants Jeffrey Levitt, Chris Powell, Cheryl Servais, Sally Kurth, Stacie Moore, Sharon Fremer, Janell Bailey-Beach, Sherry Todd (also known as Sherry Grantham) and Shirley Wilder are dismissed from this action for Plaintiff's failure to state a cognizable claim against them;

5. Plaintiff's claims for violation of the Age Discrimination in Employment Act, discrimination on the basis of religion and national origin, hostile work environment, retaliation, conspiracy, Fair Labor Standards Act, unconstitutional offshoring of confidential medical information, tortious wrongful termination in violation of public policy, promissory estoppel, fraud and deceit, civil conspiracy, intentional and negligent interference with contractual relations and prospective business advantage, intentional and negligent infliction of emotional distress, and claims for declaratory and injunctive relief are dismissed from this action for failure to state a claim; and

6. This matter is referred back to the Magistrate Judge to initiate service of process proceedings.

IT IS SO ORDERED.

Dated:  March 3, 2014                              _____
                                                                    SENIOR DISTRICT JUDGE