# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02061-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND MOTION FOR CHANGE OF VENUE; GRANTING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER; DENYING PARTIES' REQUESTS FOR SANCTIONS; AND VACATING THE MAY 6, 2015 HEARING<br><br>(ECF Nos. 63, 65, 72, 78, 80, 81, 83, 84, 85) |

On April 6, 2015, Plaintiff Krishna Reddy ("Plaintiff") filed a motion for a protective order and request for sanctions and a motion for a change of venue. (ECF Nos. 63, 65.) On April 14, 2015, Defendant Precyse Solutions LLC ("Defendant") filed a motion to amend the scheduling order. (ECF No. 72.)

The Court finds it appropriate for the parties' motions to be submitted upon the record and briefs on file without need for further oral argument. See Local Rule 230(g). Accordingly, the hearing scheduled for May 6, 2015, will be vacated.

## I.

## BACKGROUND

This action is proceeding on Plaintiff's complaint, filed December 19, 2012, against Defendant for disparate treatment in violation of Title VII and 42 U.S.C. § 1981; and state law

1    claims for disparate treatment under the FEHA, breach of contract, breach of the covenant of
2    good faith and fair dealing, and wage laws.  (ECF Nos. 5, 33.)  Plaintiff, a woman of East Indian
3    origin, worked for Defendant as a full-time production based medical transcriptionist from
4    October 2010 through September 19, 2011.

5    Plaintiff filed her complaint in this action on December 19, 2012.  (ECF No. 1.)  On April
6    12, 2013, Plaintiff's complaint was screened and an order issued requiring her to either file an
7    amended complaint or notify the Court that she was willing to proceed on those claims found to
8    be cognizable.  (ECF No. 5.)  Between May and July 2012, Plaintiff filed numerous motions
9    which were denied on October 30, 2013.  (ECF No. 18.)  In the October 30, 2013 order, Plaintiff
10   was ordered to file an amended complaint within thirty days.  Plaintiff did not comply with the
11   October 30, 2013 order so this action was dismissed for failure to prosecute.  (ECF No. 19.)

12   On January 3, 2014, Plaintiff filed a motion to set aside judgment on the ground that she
13   did not receive the October 30, 2013 order informing her of when her amended complaint was
14   due.  (ECF No. 21.)  On January 15, 2014, the judgment was set aside and the action was
15   reopened.  (ECF No. 27.)  Plaintiff was ordered to either file an amended complaint or notify the
16   Court that she was willing to proceed on those claims found cognizable in the April 12, 2013
17   order.  (ECF No. 30.)  On February 18, 2014, Plaintiff filed a notice that she wanted to proceed
18   on the claims found to be cognizable in the complaint.  (ECF No. 31.)  An order issued directing
19   the United States Marshal to serve Defendant; and Defendant filed an answer on June 2, 2014.
20   (ECF No. 40.)  On August 28, 2014, the Court issued a scheduling order in this action.  (ECF No.
21   45.)

22   On April 6, 2015, Plaintiff filed a motion for a protective order, request for sanctions, and
23   a motion for change of venue.  (ECF Nos. 63, 65.)  Defendant filed an ex-parte motion to amend
24   the scheduling order on April 10, 2015.  (ECF No. 68, 69.)  An order issued on April 13, 2015,
25   informing the parties that the Court would consider the matter of amending the scheduling order
26   while considering Plaintiff's motions.  (ECF No. 70.)

27   On April 14, 2015, Defendant filed an ex-parte application for an order shortening time
28   and an amended motion to amend the scheduling order.  (ECF No. 72-74.)  Plaintiff filed an

opposition to the April 10, 2015 request to amend the scheduling order and motion for sanctions on April 15, 2015. (ECF No. 78.) On April 22, 2015, Defendant filed oppositions to Plaintiff's motion for a protective order and motion for change of venue. (ECF NO. 80, 81.) Plaintiff filed an opposition to the motion to amend the scheduling order and request for sanctions on April 28, 2015. (ECF No. 83.) Plaintiff filed replies on April 29, 2015. (ECF Nos. 84, 85.)

## II.

## DISCUSSION

### A. Current Motions are Properly Before the Undersigned

Initially, Plaintiff objects to her motion for a protective order being heard by the magistrate judge. The Local Rules provide that magistrate judges shall perform all duties permitted by 28 U.S.C. § 636 or any other matter where the standard of review is clearly erroneous or contrary to law. L.R. 302(a). Specifically, all discovery disagreements and motions regarding protective orders are heard by a magistrate judge. L.R. 251(a), 302(c)(1). Although Plaintiff seeks default as a sanction, the current motions are not dispositive and are appropriately within the magistrate judge's authority.

Plaintiff also seeks recusal of the undersigned in this action. A judge is required to recuse himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a).[1] Under section 455(a), a judge must recuse himself if a reasonable person with knowledge of all the facts would conclude that his impartiality might reasonably be questioned. Perry v. Schwarzenegger, 630 F.3d 909, 911 (9th Cir. 2011). A judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." United States v. Sierra Pac. Indus., 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010). The challenged judge is to rule on the legal sufficiency of the recusal motion in the first instance. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

---

[1] Section 455(b) sets forth circumstances in which the judge shall disqualify himself. Plaintiff does not allege that any of the circumstances apply in this instance; and the Court finds that none of section 455(b) criteria would require recusal here.

3

The question under section 455 is whether a reasonable person would perceive a significant risk that the judge will resolve on the case on some basis other than the merits. United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). Section 455 "is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." Id. at 913-14 (quoting Liteky v. United States, 510 U.S. 540, 554–56 (1994)).

The Court finds no grounds upon which recusal in this action would be required. Plaintiff appears to allege that the Court has demonstrated bias by taking judicial notice of her prior employment actions in considering her motion for appointment of counsel. However, the facts considered in determining that Plaintiff appeared to be sufficiently competent to articulate her claims in the context of a motion for appointment of counsel would not cause a reasonable person to question the undersigned's impartiality. Plaintiff's motion for recusal is denied.

**B.    Motion for Protective Order**

Plaintiff seeks a protective order to prevent Defendant from requiring her submit to a deposition in this action. Defendant contends that a notice of deposition was served on Plaintiff on March 27, 2015, and Plaintiff should be required to submit to a deposition in this action.

Rule 26 of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26.

1.    Plaintiff Received Reasonable Notice of the Deposition

Plaintiff contends that she was served with an amended notice of deposition on March 27, 2015, which noticed the deposition for April 7, 2015. Plaintiff asserts that the notice was defective because it did not provide the required 14 day notice. However, Rule 30 only requires reasonable notice of a deposition, Fed. R. Civ. P. 30(b)(1), and courts generally find that one week to ten days' notice is reasonable. Guzman v. Bridgepoint Education, Inc., No. 11-0069-WQH (WVG), 2014 WL 1670094, at *2 (S.D. Cal. April 28, 2014); Charm Floral v. Wald

4

Imports, Ltd., No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012); Lam v. City and County of San Francisco, No. C 08-04702 PJH (LB), 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011).

In this instance, the Court finds that Plaintiff received reasonable notice of the deposition as the amended notice was served ten days prior to the date of the deposition. Plaintiff's motion for a protective order on this ground is denied.

2. Plaintiff is Not Entitled to a Protective Order Based Upon the Noticed Location of the Deposition

Plaintiff also moves for a protective order on the ground that the location of the deposition was inconvenient. Plaintiff complains that the place where Defendant noticed the deposition is 50 miles from her residence requiring her to drive down the hill and back after dark.

"A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed. R. Civ. P., designating a different place." Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D. Cal. 2005) (citations omitted). Federal Rule of Civil Procedure 26(c) provides the court with discretion to issue a protective order to protect a party from annoyance, oppression or undue burden or expense. Id. It is the party moving for a protective order that bears the burden of showing specific harm or prejudice will result if no protective order is issued. Phillips ex. Rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Defendant originally noticed the deposition in Fresno, California, where Plaintiff chose to file this action. However, Defendant states that they amended the notice of deposition to Ontario, California which is much closer to Plaintiff's residence. Plaintiff contends that she will be required to drive home after the deposition in the dark which is unsafe in case her car breaks down. However, the Court notes that the deposition in this action was scheduled to begin at 9:30 a.m. and even assuming that it lasted a full seven hours would be over near 5:00 p.m. Plaintiff would have several hours to return to her home before sunset and her concern regarding her car breaking down is speculative. Requiring Plaintiff to drive fifty miles to attend a deposition does not seem unduly burdensome or oppressive.

1	The Court finds that Plaintiff has not shown that any harm or prejudice will result by
2	allowing Defendant to conduct the deposition at a location approximately fifty miles from her
3	residence.  Although the Court will not order the deposition to be conducted at a more convenient
4	location, Defendant appears to be willing to change the location of the deposition.  Plaintiff is
5	advised to consider that her cooperation in complying with the discovery requests is more likely
6	to produce an agreeable arrangement than contentiousness.  Plaintiff's motion for a protective
7	order on this ground is denied.

8	    3.	The Deposition was Not Noticed for an Infinite Amount of Time

9	Plaintiff contends that the deposition was noticed for an infinite amount of time because it
10	states the deposition may "continue day to day thereafter until completed." (ECF No. 63 at 6.)
11	Defendant counters that the standard language contained in the notice of deposition is to preserve
12	the right to seek a court order if it becomes necessary to continue the deposition.  The language of
13	the deposition does not provide for an infinite amount of time for the deposition.  Plaintiff's
14	motion for a protective order on this ground is denied.

15	    4.	Defendant May Conduct the Deposition by Videotape

16	Plaintiff argues that allowing Defendant to videotape her deposition violates her right of
17	privacy.  The Court finds no merit to Plaintiff's arguments regarding videotaping her deposition.
18	First, it is well established that videotaping of depositions is contemplated and allowed by the
19	Federal Rules.  The Rules provide that the deposition may be taken by audio, audiovisual, or
20	stenographic means as long as the method is stated in the deposition notice.  Fed. R. Civ. P.
21	30(b)(3)(A).  Second, while Plaintiff argues that the videotaping is not necessary as she will be
22	present at trial, the purpose of Plaintiff's deposition is not only for use in presenting evidence at
23	trial, but can be useful for other litigation purposes.

24	Plaintiff has not established good cause to prevent videotaping her deposition testimony.
25	Plaintiff's motion for a protective order on this ground is denied.

26	    5.	Plaintiff is Not Entitled to Default Judgment in this Action

27	Plaintiff seeks default judgment due to the alleged bad faith conduct in regards to the
28	deposition.

Defendant has provided a proof of service showing that on March 11, 2015, Special Interrogatories, Requests for Admissions, Request for Production of Documents and a Notice of Deposition were served on Plaintiff.[2] (ECF No. 80-1 at 6.) On March 27, 2015, an Amended Notice of Deposition was served on Plaintiff. (ECF No. 80-1 at 10.) Plaintiff refused to attend the deposition scheduled for April 7, 2015 due to the perceived late notice and asserts that she did not receive the deposition notice served on March 11, 2015. Plaintiff states that Defendant threatened to request sanctions if she did not appear at the deposition.

In this instance, Defendant served a timely notice of deposition and informing Plaintiff that she could be subject to sanctions if she failed to attend does not exhibit bad faith conduct. Plaintiff's motion for sanctions is denied.

6. Plaintiff Shall be Required to Appear for Deposition

Plaintiff has failed to carry her burden to demonstrate that good cause exists for the issuance of a protective order. Plaintiff brought this action and is therefore required to respond to discovery requests from Defendant. Plaintiff is required to appear for a noticed deposition in this action. Plaintiff is advised that failure to appear for a properly noticed deposition may result in the issuance of sanctions.

**B.     Change of Venue**

Plaintiff seeks a change of venue to the Central District of California on the ground that this Court does not have jurisdiction over this action since the only forum defendant was dismissed. Defendant counters that Plaintiff has brought this same motion on two occasions which have been denied. Therefore, Defendant contends this is a motion for reconsideration which should be denied as Plaintiff presents no new facts to support a change of venue.

Plaintiff brought this action under Title VII, and the venue provisions of section 2000e-5(f)(3) apply in this action. Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587 (9th Cir. 1991). Plaintiff challenges venue because her supervisor is no longer a defendant in this action, however venue under Title VII is not dependent upon the residence of the defendants.

---

[2] The Court finds no merit to Plaintiff's arguments regarding the proof of service. The document appears to be a standard proof of service such as the Court sees in multiple other actions in which the party is represented by counsel.

7

1  Under Title VII an action "may be brought in any judicial district in the State in which the
2  unlawful employment practice is alleged to have been committed." 42 U.S.C. § 5(f)(3).

3  In her complaint, Plaintiff alleges that her supervisor who committed the alleged
4  discriminatory acts during her employment "resides in Fresno County of California and some of
5  the events that gave rise to this action took place in this District." (ECF No. 1 at ¶ 2.) Under
6  Title VII this is sufficient for venue to be appropriate in the Eastern District of California.

7  To the extent that Plaintiff seeks reconsideration of her prior motion for change of venue,
8  Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that a party can be relieved from
9  judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other
10 reason that justifies relief. A motion for reconsideration is not the proper mechanism to raise
11 arguments that could reasonably have been presented earlier in litigation. Carroll v. Nakatani,
12 342 F.3d 934, 945 (9th Cir. 2003); O'Neal v. SmithKline Beecham Corp., No. CIV S-06-1063
13 FCD/DAD, 2008 WL 1721891, at *2 (E.D. Cal. Apr. 10, 2008) ("party may not use a motion for
14 reconsideration to present new arguments or claims not raised in the summary judgment
15 motion"); Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003).

16 Requests for reconsideration are also governed by Local Rule 230(j). A party seeking
17 reconsideration of a prior order is required to show "(3) what new or different facts or
18 circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
19 or what other grounds exist for the motion; and (4) why the facts or circumstances were not
20 shown at the time of the prior motion." L. R. 230(j).

21 Plaintiff does not include any new or different facts or circumstances that did not exist at
22 the time she brought her prior motions. Accordingly, Plaintiff has not shown any grounds for the
23 Court to reconsider the prior denial of Plaintiff's motion for a change of venue. Plaintiff's motion
24 for a change of venue is denied.

25 Defendant seeks attorney fees for the time spent opposing this motion as a sanction.
26 Defendant does not state the authority under which it seeks sanctions in this instance. Therefore,
27 the Court considers whether sanctions should be ordered pursuant to the court's inherent power.
28 The Court has inherent power to sanction parties or their attorneys for improper conduct.

Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  In the Ninth Circuit, sanctions are appropriate where the violation is "due to willfulness, bad faith, or fault of the party."  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).

On July 8, 2013, Plaintiff filed a motion which included a request for a change of venue because it would be more convenient for her to file documents in the Central District. (ECF No. 14.)  District Judge Anthony Ishii issued an order on October 30, 2013, finding that Plaintiff had not provided a single reason to justify transfer of venue in this action and the request was denied. (ECF No. 18 at 5.)

On January 3, 2014, Plaintiff filed a motion to set aside the judgment in this action and again requested a change of venue because it would be more convenient for her to file documents in the Central District. (ECF No. 21 at 14.)  On January 15, 2014, Judge Ishii granted Plaintiff's motion to reopen the action, and, construing Plaintiff's motion for a change of venue as a motion for consideration, held that Plaintiff had failed to set forth any grounds for reconsideration of the order denying transfer of the action to the Central District. (ECF No. 27 at 3.)

In the current motion for a change of venue, Plaintiff brings a new argument, that this Court does not have jurisdiction over the action.  While the Court finds that Plaintiff is incorrect, the Court does not find that Plaintiff's motion was brought in bad faith.  Therefore, the Court shall deny Defendants' request for attorney incurred in opposing the motion.

However, Plaintiff is advised that further motions, whether for a change of venue or seeking any other relief, that are frivolous or not based upon sound legal principles will result in the issuance of sanctions.

**C.     Defendant's Motion to Amend the Scheduling Order**

Defendant contends that due to the outstanding discovery dispute good cause exists to amend the scheduling order.  Defendant states that while meeting and conferring on the dispute regarding the deposition, it became aware that Plaintiff contends she did not receive the discovery that was propounded on March 11, 2015.  Further, Defendant asserts that due to the need to

1    conduct Plaintiff's deposition good cause exists to extend the deadline to file non-dispositive and
2    dispositive motions.

3      The scheduling order in this action issued on August 28, 2014, setting the deadline for
4    non-expert discovery as April 15, 2015.  (ECF No. 45.)  After the entry of the scheduling order,
5    modifications of the order are governed by Rule 16 of the Federal Rules of Civil Procedure.
6    Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452, 459 (D. Az. 2012).  Rule 16 requires
7    a showing of good cause to modify a scheduling order, Fed. R. Civ. P. 16(b), and good cause
8    requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609
9    (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due diligence the
10   inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
11   California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

12     In exercising its discretion to allow amendment of the scheduling order, courts consider
13   whether the movant was diligent in assisting the court in creating a workable Rule 16 order;
14   whether noncompliance with the order occurred nothwithstanding diligent efforts to comply but
15   because of the development of matters which the movant could not reasonably foreseen or
16   anticipated at the time of the Rule 16 conference; and whether the movant was diligent in seeking
17   amendment once it became apparent he could not comply with the order.  Morgal, 284 F.R.D. at
18   460.  A party's "carelessness is not compatible with a finding of diligence and offers no reason
19   for a grant of relief."  Johnson, 975 F.2d at 609.  While "the existence or degree of prejudice to
20   the party opposing the modification might supply additional reasons to deny a motion, the focus
21   of the inquiry is upon the moving party's reasons for seeking modification."  Id.

22     Plaintiff contends that Defendant did not start discovery until three weeks prior to the
23   discovery cut-off, however Defendant provides proof of service that discovery was propounded
24   on Plaintiff on March 11, 2015.  While the Court does find that the better practice would have
25   been to propound discovery shortly after the scheduling order issued in this action rather than
26   waiting until the end of the discovery period, Defendant did propound discovery sufficiently in
27   advance of the discovery deadline, and Plaintiff appears to have not received the discovery
28   requests.  The Court notes that the proof of service shows that the requests were served on the

1 same address which is shown on the Court docket.

2 Defendant contends that the first time that it was aware Plaintiff did not receive the discovery requests was April 6, 2015.  While Plaintiff may dispute exactly when Defendant became aware that Plaintiff had not received the discovery requests, it cannot be disputed that it was sometime between March 30, 2015, when Plaintiff objected to the amended deposition notice and April 9, when Defendant contends that after review of the motions and objections Plaintiff was contacted to determine if she would be willing to stipulate to an extension of the discovery deadline.  On April 10, 2015, Defendant filed an ex-parte motion to amend the discovery deadline.  Plaintiff contends that it was on this same date that she was served with the discovery requests.  At the time that the scheduling order was issued, Defendant would not be required to anticipate that Plaintiff would not receive properly propounded discovery requests.

Plaintiff contends that the motion to amend the scheduling order is untimely because it was filed before the cutoff date with the hearing set after the cutoff date.  However, the scheduling order itself states that if "the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference." (ECF No. 45 at 8.)  Defendant notified the Court when it became aware that the discovery deadline could not be met and Plaintiff refused to stipulate to extend the deadline.  The Court finds that Defendant's motion to amend the scheduling order was timely filed.

Although Plaintiff argues that Defendant will not be able to obtain any evidence to dispute her view of the facts in this action, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries."  Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).  Plaintiff brought this action and Defendant is entitled to conduct discovery, including the deposition of Plaintiff, to discover relevant evidence.

The Court finds that Defendant has shown good cause to amend the scheduling order and Defendant's motion shall be granted. Additionally, as Plaintiff states that she served objections to the discovery request propounded on April 10, 2015, to avoid future litigation, the Court shall order Plaintiff to serve supplemental responses.[3] Additionally, should a motion to compel be necessary, Defendant is granted leave to file a motion within the established deadline with the hearing to be noticed after the discovery deadline.

Plaintiff's motion for sanctions against Defendant for filing the motion to amend the scheduling order is denied. The parties are advised that this Court has and will enter sanctions up to and including termination of the action upon appropriate circumstances. In the Court's experience, this occurs most often where a party refuses to comply with discovery requests.

Finally, the parties are directed to the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB) for information on Informal Telephonic Conferences re Discovery Disputes. At the request of the parties, the Court will make itself available to attempt to informally resolve discovery disputes to avoid the cost and delay of protracted litigation on these issues.

**III.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order and sanctions is DENIED (ECF No. 63);
2. Plaintiff's motion for a change of venue is DENIED (ECF No. 65);
3. Defendant's request for sanctions is DENIED (ECF No. 81);
4. Defendant's motion to amend the scheduling order is GRANTED (ECF No. 72);
5. Plaintiff's motion for sanctions is DENIED (ECF No. 78);

---

[3] Plaintiff has indicated her intent to file a motion for reconsideration of this order, and the Court recognizes that this would likely require vacating the current trial and pretrial conference dates and further amendment of the scheduling order. If this should occur, the Court will hold an teleconference to discuss amended dates with the parties. If the need arises, the parties are advised to contact the courtroom deputy to set a date for an informal teleconference to discuss amended dates.

6. Plaintiff's motion for recusal of the undersigned is DENIED (ECF Nos. 84, 85);

7. Plaintiff shall serve supplemental responses to the discovery propounded on April 10, 2015 on or before May 15, 2015;

8. The August 26, 2014, scheduling order is amended as follows:

   Non-Expert Discovery deadline:                                May 21, 2015

   Non-Dispositive/Dispositive Motion Deadline:        June 5, 2015

9. The August 26, 2014 scheduling order shall remain in effect in all other respects;

10. The May 6, 2015 hearing is VACATED; and

11. The parties are advised that failure to comply with this order will result in the issuance of sanctions up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 4, 2015**

_____
UNITED STATES MAGISTRATE JUDGE