IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY, | 1:12-cv-2061-AWI-SAB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| PRECYSE SOLUTIONS LLC, et al., | **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE** |
| Defendant. | |
| _____/ | (Docs. 101, 103.) |

**I. Introduction**

Plaintiff Krishna Reddy ("Plaintiff") has filed a motion for reconsideration (Doc. 101) of the Magistrate Judge's order granting Defendant's motion to modify the scheduling order and denying Plaintiff's motions for protective order, change of venue, and discovery-related sanctions (Doc. 91). Plaintiff has also filed a motion to disqualify the Magistrate Judge (Doc. 103). For the following reasons both of those motions will be denied.

**II. Motion For Reconsideration**

**A. Background**

On May 4, 2015, the Magistrate Judge issued an order regarding numerous motions filed by Plaintiff and Defendant, noting that he addressed those motions as permitted by 28 U.S.C. § 636 and L.R. 302(a), generally authorizing a magistrate judge to determine any non-dispositive matter. The Magistrate Judge then noted that the motions for protective order and discovery

related motion – despite the fact that both seek default as a sanction – are non-dispositive. *See* Doc 91 at 3. The Magistrate Judge then characterized Plaintiff's motion for change of venue as a motion for reconsideration because the Court has twice before heard and denied this motion. Doc. 91 at 7; *see* Doc. 18 at 4-5.

The Magistrate Judge determined that Plaintiff's motion for protective order should not be granted because Plaintiff did not show good cause: reasonable notice of the challenged deposition was given, the deposition location being fifty miles from Plaintiff's home did not prejudice her, and the circumstances surrounding the deposition were authorized and appropriate. As to Plaintiff's motion for change of venue, the Magistrate Judge applied Local Rule 230(j), providing the requirements for reconsideration of a prior order. The Magistrate Judge found that no new or different facts exist now that did not exist at the time of the prior motions. Doc. 91 at 8. Finally, the Magistrate Judge modified the scheduling order to allow sufficient time for Plaintiff's deposition to be taken for use in dispositive and non-dispositive motions – including the motion for summary judgment now pending.

**B. Discussion**

As a threshold matter, Plaintiff alleges that the Magistrate Judge lacked the authority to resolve Plaintiff's motions for protective order and discovery-related motion for terminating sanctions because, she claims, both are dispositive. Not so. A party's request for unwarranted relief does not transform an inherently non-dispositive discovery-related issue into a dispositive motion. Moreover, the Magistrate Judge did not need to reach the question of the appropriateness of Plaintiff's requested sanctions because he found that the alleged discovery violations to be without merit. The underlying determination of the alleged discovery violations falls within the heartland of the grant of authority to the Magistrate Judge to determine non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a).

i. Legal Standard

This Court reviews a motion to reconsider a Magistrate Judge's ruling on non-dispositive motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §

636(b)(1)(A) and Fed.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco,* 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed.R.Civ.P. 72(a).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir.1997); *Green v. Baca,* 219 F.R.D. 485, 489 (C.D.Cal.2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (citation omitted).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3rd Cir.1992); *Green,* 219 F.R.D. at 489; *see also Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir.2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D.Minn.2008); *Rathgaber v. Town of Oyster Bay,* 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France,* 210 F.Supp.2d 501, 502 (S.D.N.Y.2001); *see Adolph Coors Co. v. Wallace,* 570 F.Supp. 202, 205 (N.D.Cal.1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) ... are not subject to a de novo determination...." *Merritt v. International Bro. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir.1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes,* 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.,* 104 F.3d 1137, 1141 (9th Cir.1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v.*

*Gartner Group, Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D.Cal.2012) (citing *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925–26 (9th Cir.1988)).

      ii. Application

This Court has reviewed the Magistrate Judge's May 4, 2015 order and all of the documents that the Magistrate Judge relied upon in coming to his decision. The Court has also read and considered Plaintiff's submission entitled "objections to Magistrate Judge's Findings and Recommendations … and motion for reconsideration." *See* Doc. 101. In addition to challenging the Magistrate Judge's authority to issue his order, as resolved above, Plaintiff challenges every section of the Magistrate Judge's analysis. Plaintiff's arguments, in large part, mirror those in her original motions.[1]

No part of the Magistrate Judge's opinion is clearly erroneous or contrary to law. First, when a plaintiff seeks to litigate an action, he or she may be deposed. No part of the deposition procedure presented to this Court appears inappropriate. Second, Plaintiff's motion for change of venue has presented no grounds for reconsideration of this Court's previous ruling on that issue. *See* Doc. 18; Doc. 91 at 9. Third, as a result of the ongoing discovery dispute regarding Plaintiff's deposition, discovery could not be completed within the scheduled period.[2] The Magistrate Judge's exercise of discretion to amend the scheduling order was not unreasonable.

Based on the foregoing, Plaintiff's motion for reconsideration will be denied.

///

///

---

[1] Plaintiff several times references her motion for summary judgment and Defendant's failure to file a response. That motion is still pending and no hearing date is set due to the ongoing discovery issues at bar. Accordingly, Plaintiff's refrain that Defendant has waived any right to oppose that motion is misguided.

[2] This Court agrees with the Magistrate Judge's notation that it would have been better practice for Defendant to have begun discovery before the twilight hours of the discovery period. Had Defendant begun the process earlier much of the present controversy would have been avoided.

**III. Motion to Disqualify**

Plaintiff has also moved disqualify the Magistrate Judge and set aside all of his prior rulings in reference to this case, arguing *inter alia*, "that the [M]agistrate [J]udge, who is a pro-[a]ttorney and anti-*pro se*-litigant judge, is extremely biased against [her]." Doc. 103 at 2. In support of this proposition, Plaintiff refers to the Magistrate Judge's judicial notice of Plaintiff's litigation history in deciding not to appoint counsel. *See* Doc. 103 at 4; Doc. 91 at 4. That Plaintiff was able to litigate actions in the past is a relevant consideration in determining whether to appoint counsel. *See* Doc. 11 at 3. Plaintiff further points to the Magistrate Judge having assigned "to himself dispositive motions though [he] lacked authority to." Doc. 103 at 7. As discussed, that is not correct. Next, Plaintiff ascribes error to the Magistrate Judge for refusing to accept electronic filing of documents via e-mail to his chambers e-mail account. Doc. 103 at 8. Requiring Plaintiff to comply with filing requirements and the local rules is not error. Finally, Plaintiff incorrectly contends that the Magistrate Judge improperly granted Defendant's ex parte application to shorten time to hear Defendant's motion to compel Plaintiff's deposition.[3] Doc. 103 at 8. Given the very short timeline and Plaintiff's refusal to be available for deposition, the Magistrate Judge's shortening of time was not unwarranted.

The Magistrate Judge addressed Plaintiff's motion for recusal in his May 4, 2015 order. Doc 91 at 3-4. The Magistrate Judge's discussion and this Court's own review of the matter reveal no grounds upon which recusal or disqualification in this action is required. As a result, Plaintiff's motion for disqualification of the Magistrate Judge will be denied.

///
///
///

---

[3] When extending the discovery period, Defendant sought sanctions for Plaintiff's failure to attend her deposition. Imposition of such sanctions would have been within the Magistrate Judge's discretion. Yet, none were imposed. Rather, the Magistrate Judge extended the discovery period by two weeks to facilitate the taking of Plaintiff's deposition. That decision is not indicative of bias.

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 101) is DENIED;
2. Plaintiff's motion to disqualify the Magistrate Judge (Doc. 103) is DENIED.

IT IS SO ORDERED.

Dated: __May 22, 2015__                    _____
                                            SENIOR DISTRICT JUDGE