1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| KRISHNA REDDY, | Case No.  1:12-cv-02061-AWI-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS |
| v. | (ECF Nos. 93, 100, 105) |
| PRECYSE SOLUTIONS LLC, et al., | |
| Defendants. | |

17     Currently before the Court is Defendant's motion to compel Plaintiff's compliance with

18  discovery orders issued in this action and a motion for sanctions.

19     A hearing on the motion was set for May 26, 2015 at 2:00 p.m. in Courtroom 9.  On the

20  date of the hearing at 10:55 a.m., the Courtroom Deputy received an e-mail from Plaintiff

21  requesting a telephonic appearance at the 2:00 p.m. hearing.  See Attachment.  After being

22  informed that her personal appearance for the hearing was required, Plaintiff replied that she had

23  not received the May 14, 2015 order and would not be appearing for the 2:00 p.m. hearing.  Id.

24  Accordingly, the May 26, 2015 hearing was vacated.  Having considered the moving, opposition

25  and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the

26  Court issues the following order.

27  / / /

28  / / /

1

# I.

## BACKGROUND

Plaintiff Krishna Reddy filed this action on December 19, 2012.  (ECF No. 1.)  This action is proceeding against Defendant Precyse Solutions LLC for disparate treatment in violation of Title VII and 42 U.S.C. § 1981; and state law claims for disparate treatment under the Fair Employment and Housing Act, breach of contract, breach of the covenant of good faith and fair dealing and wage laws.  (ECF No. 33.)

On March 11, 2015, Defendant served discovery requests and a notice of deposition on Plaintiff which she did not receive.  On March 27, 2015, Defendant served an amended notice of deposition on Plaintiff.  Plaintiff did not appear for her deposition but on April 6, 2015, filed a motion for a protective order and request for change of venue.  (ECF Nos. 63, 65.)  On April 20, 2015, Defendant noticed Plaintiff's deposition for May 8, 2015.  On April 29, 2015, Plaintiff filed a motion for summary judgment which Defendant asserts contains twenty-nine documents that Plaintiff did not produce in her initial disclosures or by supplemental disclosure.

On May 4, 2015, this Court issued an order denying Plaintiff's motion for a protective order and ordering Plaintiff to submit to a deposition and respond to Defendant's discovery requests.  (ECF No. 91.)  The Court found good cause to extend the discovery deadline to May 21, 2015.  (Id.)  On May 6, 2015, Plaintiff objected to the deposition notice and sent a notice of unavailability stating that she was unavailable from May 7, 2015 to May 15, 2015.  Plaintiff did not appear for the May 8, 2015 deposition .

On May 13, 2015, Defendant filed a motion to compel Plaintiff's compliance with the May 4, 2015 order and a motion for sanctions.  (ECF No. 93.)  Defendant is seeking terminating sanctions or, in the alternative, $4,445.00 for the costs incurred in bringing this motion and an order requiring Plaintiff to appear for a deposition within fifteen days.  Plaintiff filed an opposition to the motion and a request for sanctions, a motion for reconsideration of this Court's May 4, 2015 order, and a motion to disqualify the undersigned on May 21, 2015.  (ECF Nos. 100, 101, 103.)  On this same date, Defendant filed a second motion to compel.  (ECF No. 98.)  On May 22, 2015, Defendant filed a reply to this motion to compel and District Judge Anthony W.

Ishii issued an order denying Plaintiff's objections to the May 4, 2015 order and motion to disqualify the undersigned.  (ECF Nos. 105, 107.)  On May 26, 2015, Plaintiff filed a motion for reconsideration of the May 22, 2015 order.  (ECF No. 108.)

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states that "a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Rule 37(a) provides that if the motion to compel discovery is granted: "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion. . .to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (quoting Fed.R.Civ.P. 37(a)(5)(A)).

Moreover, Rule 37(d) provides for sanctions for a party refusing to attend a deposition after receiving proper notice.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A), (d)(3). Further, Rule 37(d) also states that the Court may require the party failing to appear to pay reasonable expenses, including attorney fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  Rule 37 gives the district court discretion to impose a wide range of sanctions when a

1  party refuses to comply with the rules of discovery or court orders enforcing the rules.  Raygoza

2  v. City of Fresno, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

3      "Under Rule 37(d), a party's failure to appear at his own deposition 'is not excused on the

4  ground that the discovery sought was objectionable, unless the party failing to act has a pending

5  motion for a protective order under Rule 26(c).' "  Paige v. Consumer Programs, Inc., 248 F.R.D.

6  272, 275 (C.D. Cal. 2008).  The failure to comply need not be willful to impose sanctions.  Lew

7  v. Kona Hosp., 754 F.2d 1420, 1226 (9th Cir. 1985).

8                                        **III.**

9                                    **DISCUSSION**

10      **A.      Motion to Compel**

11      Plaintiff was served with a second amended notice of deposition on April 20, 2015,

12  noticing her deposition for May 8, 2015 at 9:30 a.m.  (ECF No. 93-1 at 29-31.)  Defendant

13  provided Plaintiff with reasonable notice that complied with Rule 30(b).  Fed. R. Civ. P. 30(b).

14  Further, contrary to Plaintiff's opposition, the Court found good cause to grant Defendant's

15  motion to amend the scheduling order based and discovery in this action will not close until May

16  21, 2015.  (ECF No. 91 at 13.)  The deposition was properly scheduled during the discovery

17  period established by the Court for this action.

18      Plaintiff's opposition asserts numerous frivolous objections to the motion for sanctions.

19  Discovery motions, even those requesting a terminating sanction are not dispositive motions.

20  Accordingly, this Court has the authority to decide the discovery motions in the first instance.  If

21  a terminating sanction was found to be appropriate, it would be at that time that this Court would

22  issue findings and recommendations.  However, the fact that the party is seeking terminating

23  sanctions does not deprive the magistrate judge from jurisdiction over the discovery disputes.

24      While Plaintiff assets that Defendant has abandoned her motion for summary judgment by

25  not filing an opposition, the May 4, 2014 order extending the discovery deadline specifically

26  found that good cause existed to extend the discovery deadline.  Contrary to Plaintiff's assertion,

27  the motion for summary judgment was referred to this Court by District Judge Anthony W. Ishii.

28  (ECF No. 95.)  For that reason, the motion hearing was vacated.  The May 14, 2014 order

1    informed the parties that a hearing on the motion for summary judgment will be set once the

2    discovery disputes are resolved.  The order addressed that the deadline for Defendant's opposition

3    to the motion for summary judgment would be determined based upon the new hearing date.

4    (ECF No. 97.)

5        While Plaintiff argues that she only received four days notice of the deposition, Plaintiff

6    was served with a notice of the May 8, 2015 deposition on April 20, 2015.  Plaintiff received

7    proper notice of the May 8, 2015 deposition and her argument that other courts require fourteen

8    days notice is unavailing.  Plaintiff relies on a discovery order in L.L. Bean, Inc. v. Bank of

9    America Corp., No. 08-177-PH (D. Ma. December 2, 2009), to support her argument that

10   Defendant must provide fourteen days notice prior to the deposition.  Id. at ECF No. 185.  The

11   Court finds Bean to be distinguishable.

12       In Bean, the opposing parties served deposition notices the Friday before Thanksgiving.

13   Id. at 4.  The depositions were noticed for the Monday after Thanksgiving on eighteen subjects.

14   Id.  These eighteen subjects would require the responding party to designate one or more

15   individuals for the topics and the individuals would be required to review documents to prepare

16   for the depositon.  (Id. at 11.)  Further, although the court had informed the parties that no further

17   extensions of time to conduct discovery would be granted, the party was seeking to the

18   depositions at the last minute.  Id. at 13.

19       In this instance, Defendant is seeking only Plaintiff's deposition and has not included a

20   request for documents.  Rule 30 only requires reasonable notice of a deposition, Fed. R. Civ. P.

21   30(b)(1), and in this circuit, courts find that a week to ten day notice is reasonable where the party

22   is seeking a deposition without the production of documents.  Guzman v. Bridgepoint Education,

23   Inc., No. 11-0069-WQH (WVG), 2014 WL 1670094, at *2 (S.D. Cal. April 28, 2014); Charm

24   Floral v. Wald Imports, Ltd., No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9,

25   2012); Lam v. City and County of San Francisco, No. C 08-04702 PJH (LB), 2011 WL 4915812,

26   at *3 (N.D. Cal. Oct. 17, 2011).

27       Plaintiff also argues that discovery is closed is this action.  However, the Court has found

28   good cause to extend the discovery deadline based upon Plaintiff not receiving the discovery

1   propounded prior to the discovery cut-off date.  While Plaintiff may disagree with the finding of

2   good cause, it does not excuse her compliance with the Court's order.  As Plaintiff recognizes in

3   her opposition, it is within the Court's broad discretion to modify the scheduling order under Rule

4   16 of the Federal Rules of Civil Procedure.  Morgal v. Maricopa County Bd. of Sup'rs, 284

5   F.R.D. 452, 459 (D. Az. 2012).

6       Finally, the Court does not find that Defendants have engaged in misconduct by

7   requesting sanctions which are statutorily authorized for a party's failure to appear at a

8   deposition.  Plaintiff's motion for sanctions is denied.

9       Defendant also argues that Plaintiff has submitted exhibits with her motion for summary

10   judgment that were not previously provided as initial disclosures and no supplemental disclosures

11   were provided.  Plaintiff is advised that she is required to provide supplemental disclosures and

12   any evidence that is not disclosed in compliance with Rule 26 may be excluded from

13   consideration in the motion for summary judgment.  Therefore, Plaintiff would be well advised to

14   cooperate in providing discovery in this action to avoid further discovery sanctions.

15       It cannot be disputed that Plaintiff did not seek a protective order prior to failing to appear

16   at the May 8, 2015 deposition.  Further, Plaintiff asserted that same objections which this Court

17   overruled in the May 4, 2015 order denying her motion for a protective order.  While Plaintiff

18   appears to take the position that she is not required to obey the orders of this Court as she did not

19   consent to the jurisdiction of the magistrate judge, as she was informed in the May 4, 2015 order,

20       The Local Rules provide that magistrate judges shall perform all duties permitted
21   by 28 U.S.C. § 636 or any other matter where the standard of review is clearly
     erroneous or contrary to law.  L.R. 302(a).  Specifically, all discovery
22   disagreements and motions regarding protective orders are heard by a magistrate
     judge.  L.R. 251(a), 302(c)(1).  Although Plaintiff seeks default as a sanction, the
23   current motions are not dispositive and are appropriately within the magistrate
     judge's authority.

24   (ECF No. 91 at 3:10-15.)  Similarly, Plaintiff's motion for reconsideration has been denied by

25   District Judge Anthony W. Ishii.  (ECF No. 107.)  Plaintiff had adequate notice of the deposition

26   and is not excused from attending by serving a notice of unavailability days prior to the noticed

27   deposition.  The Court will not tolerate such antics from any party in this litigation.

28       This Court properly had jurisdiction over Plaintiff's motion for a protective order and

Defendant's motion to amend the scheduling order.  Plaintiff's disagreement with this Court's order does not substantially justify her failure to appear at the properly noticed deposition. Accordingly, Defendant's motion to compel Plaintiff to appear for a deposition is granted. Plaintiff shall be ordered to appear for a deposition within fifteen days of the date of service of this order.  Further, the scheduling order shall be amended to allow the parties to continue discovery in compliance with this order and in consideration of the additional motion to compel filed on May 21, 2015.

### B.    Request of Sanctions

Defendant seeks terminating sanctions for Plaintiff's failure to comply with discovery requests, or in the alternative monetary sanctions for attending the deposition and preparing this motion.

Initially, the Court shall address Plaintiff's e-mail stating that she did not receive the May 14, 2015 order requiring her personal attendance at the May 26, 2015 hearing.  The May 14, 2015 order set the hearing date and time and required Plaintiff to file her opposition on or before May 21, 2015.  On May 21, 2015, Plaintiff filed her opposition to the motion that noted the date and time of the May 26, 2015 hearing.  (ECF No. 100.)  Additionally, this is the second time, Plaintiff is alleging that she did not receive documents mailed to her in this action.[1]  Finally, although Plaintiff asserts that she did not receive this Court's May 14, 2015 order, on May 26, 2015 she filed an motion for reconsideration of the order issued on May 22, 2015 by District Judge Anthony Ishii.

The Court does not find credible Plaintiff's contention that she was unaware that her personal appearance was required for the May 26, 2015 hearing.  Plaintiff was required to personally attend the hearing and it appears that sanctions for her failure to comply are appropriate.  However, since sanctions for Plaintiff's failure to appear for the deposition shall be ordered, as discussed below, the Court declines to impose additional sanctions at this time.

---

[1] This is the third time Plaintiff claims to have not received documents in this action.  However, the Court notes on the first occasion it is not clear from the docket that the order was actually mailed to Plaintiff.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A).  "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).  Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994).  In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); G-K Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

Since a terminating sanction is very severe it is only justified by "willfulness, bad faith, and fault." Connecticut General Life Ins. Co. v. New Images of Beverly Hills ("Connecticut General"), 482 F.3d 1091, 1096 (9th Cir. 2007).  The Ninth Circuit has devised a five-part test to determine whether a terminating sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Connecticut General, 482 F.3d at 1096 (citations omitted).  The fifth factor contains three subparts: 1) whether the court has considered lessor sanctions; 2) whether the lessor sanctions were tried; and 3) whether the recalcitrant party has been warned about the possibility of terminating sanctions. Id.

While the Court finds sufficient evidence that Plaintiff's conduct has been willful, at this time, terminating sanctions are not warranted as lessor sanctions are available.  Rule 37 mandates the imposition of monetary sanctions unless Defendant failed to meet and confer in good faith before filing their motion, Plaintiff's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust.  The Court finds that none of these conditions exist in this instance.

Defendant traveled nine hours to attend the May 8, 2015 deposition and seeks payment for this time.  Further, Defendant seeks one hour for counsel's time in reviewing and attending the hearing on this motion and seven hours for co-counsel researching, drafting, and preparing this motion and the supporting documents.  The Court further finds the $4,445.00 in sanctions to be reasonable expenses incurred in traveling to the deposition and bringing this motion to compel.  Accordingly, Defendant's motion for sanctions of $4,445.00 is granted.

Finally, Plaintiff has now filed multiple motions and oppositions challenging the undersigneds jurisdiction to issue orders in this action.  This Court and Judge Ishii have advised Plaintiff that the Federal Rules or Civil Procedure and Local Rules of the Eastern District provide for the magistrate judge to issue orders on non-dispositive motions and to issue findings and recommendations on motions which have been referred to the magistrate judge by the district court judge.  Any further motions filed by Plaintiff that lack a legal basis or any further failures to comply with Court orders will result in further sanctions, up to and including the recommendation of a terminating sanction.  Plaintiff is advised that the Court will tolerate no further such disobedience of its orders as has been demonstrated in this action.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's motion to compel Plaintiff to attend her deposition (ECF No. 93) is GRANTED;

2.      Plaintiff is ordered to appear for a deposition within fifteen days from the date of service of this order;

3.      The scheduling order is amended to extend the discovery deadline and non-dispositive and dispositive motion deadlines to a date to be determined after the June 17, 2015 hearing;

4.      Within sixty days from the date of service of this order, Plaintiff shall pay sanctions of $4,445.00 to Defendant for her failure to attend the May 8, 2015 deposition;

5.      Plaintiff is ordered to personally appear on June 17, 2015 at 10:00 a.m. in Courtroom 9 for the hearing on Defendants' motion to compel responses to discovery requests (ECF No. 98); and

6.      Plaintiff is advised that failure to comply with this order will result in further sanctions up to and including a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   __May 26, 2015__                          _____
                                                 UNITED STATES MAGISTRATE JUDGE

10