**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISHNA REDDY, | 1:12-cv-02061-AWI-SAB |
| Plaintiff, | **ORDER DENYING RECONSIDERATION** |
| v. | |
| PRECYSE SOLUTIONS, INC., et al., | (Doc. 118) |
| Defendant. | |

On June 12, 2015, Plaintiff Krishna Reddy filed yet another a motion for reconsideration. *See* Doc. 118. Although the motion is captioned as seeking reconsideration only of the Magistrate Judge's Order granting Defendant's motion to compel and for sanctions, Plaintiff has employed the same broken-recordesque style of motions practice as before; in addition to presenting the same arguments that the Magistrate Judge considered and rejected in his prior order, Plaintiff continues to challenge the Magistrate Judge's authority to hear discovery related motions, and she continues to assert that the Magistrate Judge should be disqualified.[1] The Court is very aware of Plaintiff's displeasure with the Magistrate Judge's rulings. Such is not the basis for a motion for reconsideration.

---

[1] Plaintiff's ongoing objections to this Court's authority and the Magistrate Judge's authority are noted and denied. No further comment will be given on those issues here or in future orders.

**Legal Standard**

This Court reviews a motion to reconsider a magistrate judge's ruling on non-dispositive motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco,* 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed.R.Civ.P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir.1997); *Green v. Baca,* 219 F.R.D. 485, 489 (C.D.Cal.2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (citation omitted).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by a magistrate judge. *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3rd Cir.1992); *Green,* 219 F.R.D. at 489; *see also Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir.2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D.Minn.2008); *Rathgaber v. Town of Oyster Bay,* 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France,* 210 F.Supp.2d 501, 502 (S.D.N.Y.2001); *see Adolph Coors Co. v. Wallace,* 570 F.Supp. 202, 205 (N.D.Cal.1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) ... are not subject to a de novo determination...." *Merritt v. International Bro. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir.1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes,* 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.,* 104 F.3d

1137, 1141 (9th Cir.1997) ("[T]he clearly erroneous standard allows [for] great deference.") A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D.Cal.2012) (citing *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925–26 (9th Cir.1988)).

**Discussion**

This Court has reviewed the Magistrate Judge's order granting Defendant's motion to compel and request for sanctions. *See* Doc. 109. The Court has also reviewed Plaintiff's motion for reconsideration. *See* Doc. 118. The Magistrate Judge was well within his discretion to order Plaintiff's attendance at properly scheduled depositions. The Magistrate Judge was equally within his discretion to order monetary sanctions based on Plaintiff's repeated failure to attend properly scheduled depositions, in violation of court orders. The Magistrate Judge's Order is not contrary to law or clearly erroneous.

**Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. 118) is DENIED.

IT IS SO ORDERED.

Dated:   June 16, 2015                       _____
                                             SENIOR  DISTRICT  JUDGE