# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>        Plaintiff,<br><br>    v.<br><br>PRECYSE SOLUTIONS LLC, et al.,<br><br>        Defendants. | Case No. 1:12-cv-02061-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TERMINATING SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF No. 98, 111, 112, 113, 114, 123)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Currently before the Court are two motions to compel discovery and for terminating sanctions filed by Defendant Precyse Solutions and a cross-motion for sanctions and a motion to stay the action filed by Plaintiff Krishna Reddy.

## I.

## PROCEDURAL HISTORY

Plaintiff Krishna Reddy, proceeding pro se and in forma pauperis, filed this action on December 19, 2012. (ECF No. 1.) The Court screened Plaintiff's complaint, and on April 12, 2013, an order issued directing Plaintiff to either file an amended complaint or notify the Court that she was willing to proceed only on those claims found to be cognizable in the screening order. (ECF No. 5.)

Plaintiff filed motions for appointment of counsel and to file court pleadings

electronically, which were denied on May 10, 2015. (ECF Nos. 6, 8, 9.) Plaintiff filed a motion for reconsideration of the order denying her motions which was denied by District Judge Anthony W. Ishii on June 11, 2013. (ECF Nos. 10, 11.) Although Plaintiff received an extension of time to file an amended complaint, she did not comply with the order to file an amended complaint or notify the Court of her willingness to proceed on the claims found to be cognizable, so on June 18, 2013, findings and recommendations issued recommending dismissing the action for failure to prosecute. (ECF No.12.) On July 5, 2013, Plaintiff filed an objection to the findings and recommendations, and on July 8, 2015, Plaintiff filed another motion to set aside and vacate the order denying appointment of counsel and electronic filing privileges and a motion to stay the proceedings while she filed an appeal of the motion for appointment of counsel. (ECF Nos. 13, 14, 15.)

On October 30, 2013, Judge Ishii issued an order denying Plaintiff's motions to stay the proceedings, for reconsideration and for change of venue. (ECF No. 18.) The October 30, 2013 order granted Plaintiff one final opportunity to either file an amended complaint or notify the Court that she was willing to proceed on the claims found to be cognizable. (Id. at 5-6.) Plaintiff was further advised that her failure to comply with the order would result in this action being dismissed without prejudice and without further notice to Plaintiff. (Id. at 6.) Plaintiff did not comply with the October 30, 2013 order and this action was dismissed on December 6, 2013. (ECF No. 19.)

On January 3, 2014, Plaintiff filed a motion to set aside the order dismissing this action, which was granted on January 15, 2014. (ECF Nos. 21-22, 27.) On February 18, 2014, Plaintiff filed a notice that she did not intend to file an amended complaint, and a request to certify the screening order for appeal and stay the proceedings while she appealed the denial of the motion for appointment of counsel. (ECF No. 31.) On March 4, 2014, Judge Ishii issued an order denying Plaintiff's motion for certification of non-final orders for appeal and the request to stay the proceedings, and dismissing certain claims and defendants from the proceedings. (ECF No. 33.) This action is currently proceeding on the complaint, filed December 19, 2012, against Defendant Precyse for disparate treatment in violation of Title VII and 42 U.S.C. § 1981, and

state law claims for disparate treatment under the Fair Employment and Housing Act, breach of contract, breach of the covenant of good faith and fair dealing and wage laws.  (Id. at 3-4.)

The Court ordered the United States Marshal to initiate service of process.  (ECF No. 36.)  Defendant filed an answer on June 2, 2014.  (ECF No. 40.)  On August 26, 2014, a scheduling conference was conducted and a scheduling order issued on August 28, 2014.  (ECF Nos. 44, 45.)  Thereafter, this action proceeded unremarkably, until Defendant propounded discovery on Plaintiff.  Therein lies the substance of the current motions before the Court.

On March 11, 2015, Defendant served discovery requests and a notice of deposition on Plaintiff which she claims she did not receive.  On March 27, 2015, Defendant served an amended notice of deposition on Plaintiff.  Plaintiff did not appear for her deposition but on April 6, 2015, filed a motion for a protective order and request for change of venue.  (ECF Nos. 63, 65.)  On April 10, 2015, having realized that Plaintiff was claiming to have not received the discovery requests and refused to stipulate to extend the discovery deadline, Defendant served Plaintiff with copies of the discovery requests and filed an ex parte application to amend the scheduling order.  (ECF No. 68, 69.)  On April 13, 2015, an order issued setting a hearing on the motion to amend the scheduling order for May 6, 2015.  (ECF No. 71.)  Defendant filed a motion to amend the scheduling order and a second ex parte application to shorten time on April 14, 2015.  (ECF Nos. 72-74.)  On April 15, 2015, an order issued granting the application to shorten time.  (ECF No. 76.)

On April 20, 2015, Defendant noticed Plaintiff's deposition for May 8, 2015.  On this same date, Plaintiff filed an opposition to the motion to amend the scheduling order and cross motion for sanctions with a hearing set before Judge Ishii.  (ECF No. 78.)  On April 20, 2015, Judge Ishii reset the motion for sanctions before the undersigned.  (ECF No. 79.)  On April 22, 2015, Defendant filed oppositions to Plaintiff's motions for a protective order and change of venue.  (ECF Nos. 80, 81.)  On April 28, 2015, Plaintiff filed an opposition to Plaintiff's second application for an order shortening time and motion for terminating sanctions.  (ECF No. 83.)  On April 29, 2015, Plaintiff filed two replies to Defendant's motions and filed a motion for summary judgment.  (ECF Nos. 84, 85, 86-90.)

3

On May 4, 2015, this Court issued an order denying Plaintiff's motion for a protective order and ordered Plaintiff to submit to a deposition and respond to Defendant's discovery requests. (ECF No. 91.) The Court found good cause to extend the discovery deadline to May 21, 2015. (Id.) On May 6, 2015, Plaintiff objected to the April 20, 2015 deposition notice and sent a notice of unavailability stating that she was unavailable from May 7, 2015 to May 15, 2015. Plaintiff did not appear for the May 8, 2015 deposition.

On May 13, 2015, Defendant filed a motion to compel Plaintiff's compliance with the May 4, 2015 order and a motion for sanctions and an application for an order shortening time. (ECF Nos. 93, 94.) On May 14, 2015, Judge Ishii vacated the hearing on Plaintiff's motion for summary judgment and referred the motion to the undersigned. (ECF No. 95.) On this same date, this Court granted Defendant's motion for an order shortening time. (ECF No. 97.)

Plaintiff filed an opposition to the motion and a request for sanctions, a motion for reconsideration of this Court's May 4, 2015 order, and a motion to disqualify the undersigned on May 21, 2015. (ECF Nos. 100, 101, 103.) On this same date, Defendant filed a second motion to compel. (ECF No. 98.) On May 22, 2015, Defendant filed a reply to the motion to compel and District Judge Anthony W. Ishii issued an order denying Plaintiff's objections to the May 4, 2015 order and motion to disqualify the undersigned. (ECF Nos. 105, 107.) On May 26, 2015, an order issued granting Defendant's motion to compel and request for sanctions, and Plaintiff filed a motion for reconsideration of the May 22, 2015 order. (ECF Nos. 108, 109.) On June 2, 2015, this Court issued an order directing Plaintiff that she was not to e-mail documents to the courtroom deputy or contact the courtroom deputy with requests for action unless directed to do so by the Court. (ECF No. 110.)

On June 3, 2015, Plaintiff filed an opposition to Defendant's motion to compel and a cross motion for terminating sanctions. (ECF No. 111.) Defendant filed a reply on June 10, 2015. (ECF Nos. 112-113.) On June 11, 2015, Defendant filed a third motion to compel the deposition of Plaintiff and request for terminating sanctions and an application for an order shortening time. (ECF Nos. 114-115.) On June 12, 2015, Judge Ishii issued an order denying Plaintiff's motion for reconsideration with prejudice; this Court issued an order granting Defendant's application for

4

an order shortening time; and Plaintiff filed objections to the May 26, 2015 order granting sanctions. (ECF No. 116.) On June 16, 2015, Judge Ishii issued an order denying Plaintiff's motion for reconsideration, and Plaintiff filed a notice of filing a petition for writ of mandamus, request to take hearing off calendar and stay the proceedings, response to the order re e-mails to the Court, and a response to the order granting Defendant's application to shorten time on the motion to compel Plaintiff's attendance at the deposition. (ECF Nos. 120, 122, 123, 124, 125.)

Oral argument on Defendant's motions to compel discovery responses and Plaintiff's deposition was held on June 17, 2015. (ECF No. 121.) Despite the orders requiring her appearance at the June 17, 2015 hearing, Plaintiff did not appear. Plaintiff sent several e-mails to the courtroom deputy in violation of this Court's June 2, 2015 order. At the June 17, 2015 hearing, Plaintiff appeared telephonically and counsel Mark Posard personally appeared for Defendant. (Id.) Although the Court allowed Plaintiff to appear telephonically for the purpose of determining if she would comply with orders of the Court, Plaintiff violated the Court's orders by refusing to personally appear at the hearing. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations.

## II.

## LEGAL STANDARD

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.

## DISCUSSION

Initially, the Court declines to address Plaintiff's numerous contentions that have been

raised and addressed previously by this Court and Judge Ishii's orders. Suffice it to say that Plaintiff's disagreement with the orders of this Court are not a reason for this Court to disqualify itself nor does it excuse Plaintiff from complying with this Court's orders. Additionally, Plaintiff's motion for reconsideration of the order denying recusal of the undersigned and to set aside the prior orders of this Court has been denied with prejudice. (ECF No. 116.)

Plaintiff opposes these motions asserting that both this Court and Judge Ishii have held that Defendant was not diligent in conducting discovery in this action and was therefore not entitled to an amended scheduling order. Contrary to Plaintiff's assertion in her opposition to these motions, neither this Court nor Judge Ishii has found that Defendant was not diligent in conducting discovery in this action. This Court found that Defendant established good cause to extend the discovery deadline based upon Plaintiff's assertion that she did not receive the discovery requests and notice of deposition propounded within the discovery deadline. (Order Denying Plaintiff's Motion for a Protective Order 12, ECF No. 91.) In denying Plaintiff's motion for reconsideration, Judge Ishii found that the decision was not erroneous, and the exercise of discretion to amend the scheduling order was not unreasonable. (Order Denying Plaintiff's Motion for Reconsideration 4, ECF No. 107.) The Court has determined that Defendant established good cause to extend the discovery deadline for Plaintiff to appear for her deposition and respond to Defendant's discovery requests and Plaintiff is required to comply with the order of the Court.

**A.  Motion to Compel Further Discovery Responses**

Defendant contends that Plaintiff failed to comply with this Court's order to respond to discovery requests and seeks terminating sanctions or at a minimum $3,290.00 in costs for bringing this motion. In the alternative to a dismissal sanction, Defendant seeks an order compelling Plaintiff to provide complete responses to Defendant's request for production of documents and production of all responsive documents, complete verified responses to Defendant's request for interrogatories, and an amended response to Defendant's requests for admissions. Defendants seek evidentiary sanctions of preclusion of evidence and modification of the scheduling order to permit discovery in this action to be completed.

Following this Court's order for Plaintiff to respond to the discovery requests, Defendant contends that Plaintiff asserted improper and belated general objections and a blanket statement that her responses and documentation can be found in her initial disclosures, complaint, or as supporting documents in her motion for summary judgment. Defendant contends that Plaintiff has demonstrated that she refuses to participate in discovery in this action which precludes Defendant from investigating even the most basic facts underlying the allegations in the complaint.

1. <u>Request for Production of Documents</u>

Defendant propounded ninety-one requests for productions of documents. (ECF No. 90-1 at 13-27.) In her objections to the May 4, 2015 order denying Plaintiff's motion for a protective order (ECF No. 91), Plaintiff provided "as a courtesy", responses to Defendant's discovery requests. (ECF No. 98-1 at 80.) In response to Defendant's specific requests for production of documents, Plaintiff set forth ten general objections to the requests. (<u>Id.</u> at 81-82.)

Federal Rule of Civil Procedure 34 provides that a party may serve upon the opposing party a request for production of documents. Rule 34 requires the responding party to respond to each item and for each item or category either allow inspection or state an object to the request. Fed. R. Civ. P. 34(b)(2)(B). Objections to a part of a request must specify the part and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(C). The responding party must produce the documents as they are kept in the usual course of business or must organize and label them to respond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

Initially, Plaintiff's general objections, set forth in her objections to the May 4, 2015 order do not comply with the requirements of the Federal Rules of Civil Procedure. Plaintiff is incorrect that she does not have to respond to each request or category of requests. Plaintiff is required to respond to each request and identify the document or documents that are responsive to the individual requests or state a proper objection to the request. Fed. R. Civ. P. 34(b)(2)(B). Plaintiff has neither responded to the requests, nor indicated which documents are responsive to each request. Plaintiff's statement that she has no other responsive documents other than those that have already been produced in initial disclosures and in support of her motion for summary

1 judgment is insufficient to comply with the Federal Rules. "Defendant is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Finally, Plaintiff cannot meet her discovery obligations by attaching documents to a motion for summary judgment. Plaintiff has not complied with Rule 34 in responding to the request for production of documents.

### 2. Special Interrogatories

Defendant propounded twenty-one special interrogatories on Plaintiff.[1] (ECF No. 98-1 at 7-10.) In her objection to the May 4, 2015 order, Plaintiff incorporated her ten objections and stated that she had no other responses other than those mentioned in the complaint and her declaration in support of her motion for summary judgment. (ECF No. 98-1 at 83.)

"A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." Bryant v. Armstrong, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice, § 33.102[1], at 33–72 (footnote omitted)). Rule 33 requires that each interrogatory must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The responding party, if unable to provide the requested information, may not simply refuse to answer. Bryant, 285 F.R.D. at 612. "The responding party must state under oath that he is unable to provide the information and must describe the efforts he used to obtain the information." Id. (citations omitted).

Plaintiff's response in the objections to the May 4, 2015 order did not comply with Rule 33. Plaintiff did not answer each interrogatory separately in writing. Further, Plaintiff did not answer under oath. Accordingly, Plaintiff has not complied with Rule 33 in responding to Defendant's special interrogatories.

---

[1] The Court notes that there the last two interrogatories are both number 20. (ECF No. 98-1 at 10.)

### 3. Requests for Admissions

Defendant propounded four requests for admission on Plaintiff.[2] (ECF No. 98-1 at 11-12.) In her objections to the May 4, 2015 order, Plaintiff provided responses to Defendant's requests for admissions. (ECF No. 98-1 at 83-84.)

Rule 36 of the Federal Rules of Civil Procedure provides that a party may object to a request for admission. Fed. R. Civ. P. 36(a)(5). Defendant's request for admission no. 4 stated, "Admit that you were an at-will employee throughout your employment with Precyse." (ECF No. 98-1 at 12.) In her objections to the May 4, 2015 order, Plaintiff objected on the grounds of relevancy, stating "This request has been made in bad faith by the defendant as it is seeking legal theory that is not relevant to the subject matter of the litigation as I was terminated by the defendant 'for cause', which, the defendant is fully aware of." (ECF No. 98-1 at 84-1.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendant argues that Plaintiff's objection is improper. The Court agrees. Whether Plaintiff is an at-will employee is not a legal theory irrelevant to the subject matter of the litigation, but is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is asserting a breach of contract action and her position as an at-will employee is relevant here. Plaintiff was required to provide a response to the request for admission.

### 4. Deposition of Plaintiff

On May 27, 2015, Defendant noticed Plaintiff's third deposition for June 10, 2015.

---

[2] The Court notes that there the last two requests for admission are both number 3. (ECF No. 98-1 at 12.)

Despite this Court's prior orders and Judge Ishii's denial of her motion for reconsideration, Plaintiff refused to appear for the deposition. Defendant argues that Plaintiff has demonstrated that she will not comply with the orders of the Court and requests monetary and terminating sanctions. The Court finds that Plaintiff has willfully failed to comply with orders of the Court to submit to a deposition in this matter. The Court has issued two prior orders directing Plaintiff to attend her deposition and she has refused to comply, sanctions are appropriate for Plaintiff's failure to comply with the discovery orders issued in this action.

**B.  Sanctions**

1.  Defendant's Motion for Sanctions

Defendant seeks terminating sanctions based on Plaintiff's failure to comply with the Federal Rules of Civil Procedure and this Court's orders. The Court finds that additional sanctions are warranted. Defendant argues that a terminating sanction is necessary in light of Plaintiff's steadfast refusal to obey Court orders despite the previous sanction imposed. During the June 17, 2015 hearing, Plaintiff stated that she does not consider this Court's orders lawful and will not obey them.

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994). In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam); G-K Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

Further, the Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). This includes the

inherent power to dismiss an action when a party has "engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). Because dismissal is such a harsh penalty, it should only be used in extreme circumstances. Wyle, 709 F.3d at 589.

Since a terminating sanction is very severe it is only justified by "willfulness, bad faith, and fault." Connecticut General Life Ins. Co. v. New Images of Beverly Hills ("Connecticut General"), 482 F.3d 1091, 1096 (9th Cir. 2007). The Ninth Circuit has devised a five-part test to determine whether a terminating sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Connecticut General, 482 F.3d at 1096 (citations omitted). The fifth factor contains three subparts: 1) whether the court has considered lessor sanctions; 2) whether the lessor sanctions were tried; and 3) whether the recalcitrant party has been warned about the possibility of terminating sanctions. Id.

When the sanction is being considered for violation of a court order, the first and second factors will generally support terminating sanctions and the fourth factor will weigh against default, therefore the third and fourth factors are decisive. Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). These factors are not a mechanical means of determining a sanction, but are a way for the district court to consider whether terminating sanctions are just. Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

The public interest in expeditious resolution of the litigation and the Court's need to manage the docket weigh in favor of terminating sanctions. This action has been proceeding since 2012 and the delay that has occurred has been solely due to Plaintiff challenging and attempting to avoid complying with the orders of the Court. Further, the Court notes that Plaintiff has delayed the action by filing notices and motions on the eve of a hearing without providing the opposing party or the Court the opportunity to address the issues raised. Plaintiff did this in serving Defendant with her notice of unavailability two days prior to her second noticed

deposition, although she had almost two weeks' notice of the deposition. Similarly, Plaintiff filed her motion to continue the June 17, 2015 hearing the day prior, although she received notice that she was required to personally appear in the May 26, 2015 order. Finally, Plaintiff continually files motions for reconsideration by the District Judge on the eve of hearings scheduled before the undersigned. The Court finds this conduct demonstrates Plaintiff's pattern of avoiding complying with the orders of this Court by filing documents intended to frustrate the resolution of this action on the merits.

Defendant argues that it suffers prejudice in this action as Plaintiff's complete failure to comply with discovery has made it nearly impossible for Defendant to defend against her claims and allegations. Defendant filed a motion to compel Plaintiff's deposition and a request for sanctions of $2,250.00 due to her failure to appear for the third noticed deposition in this action. Plaintiff was noticed to appear at a deposition on June 10, 2015 pursuant to the order directing her to appear for a deposition within fifteen days. Plaintiff again refused to appear for her deposition.

The Court notes that Plaintiff has filed a motion for summary judgment which has been continued to allow Defendant to complete discovery in this action due to Plaintiff's refusal to comply with the discovery rules. Defendant has propounded discovery requests on Plaintiff and she has not served responses in compliance with the Federal Rules of Civil Procedure as discussed above. Further, Defendant has now noticed three depositions for which Plaintiff has refused to appear. Defendant continues to incur costs in bringing duplicative motions to compel Plaintiff to comply due to her refusal to participate in discovery. Plaintiff has indicated that she will not comply should the Court order her to pay cost as a sanction for her noncompliance. Defendant has suffered prejudice by Plaintiff's refusal to participate in discovery and this prejudice to Defendant weighs in favor of granting terminating sanctions in this action.

The public policy favoring disposition of the case on the merits does not outweigh the factors favoring a terminating sanction. It is Plaintiff's refusal to comply with discovery requests that is precluding a disposition of the action on its merits.

Finally, the availability of less drastic sanctions has been considered and found to be ineffective in this action. The Court has ordered Plaintiff to appear for a deposition and has

imposed monetary sanctions for her failure to appear. Plaintiff has indicated that she will not pay monetary sanctions as she does not recognize this Court's authority to issue sanctions in this action. Since Plaintiff has indicated that she will not comply with any sanction issued in this action by either this Court or Judge Ishii, the Court finds that the imposition of lessor sanctions would be futile. Additionally, Plaintiff has been warned that her continued failure to comply with orders of the Court will result in dismissal of this action as a sanction.

On May 4, 2015, Plaintiff was ordered to appear for a deposition. (ECF No. 91 at 7.) In the May 4, 2015 order, Plaintiff was advised that further motions that are frivolous or not based on sound legal principles will result in the issuance of sanctions. (ECF No. 91 at 9.) Further, the parties were specifically advised that the court would enter sanctions up to and including terminating sanctions in appropriate circumstances and this can occur where a party refuses to comply with discovery requests. (Id. at 12.) Finally, Plaintiff was advised that failure to comply with the order would result in the issuance of sanctions up to and including dismissal of this action. (Id. at 13.)

On May 26, 2015, this Court issued an order granting Defendant's motion to compel and awarding sanctions for Plaintiff's failure to appear at her second scheduled deposition. (ECF No. 109.) The order noted that Plaintiff asserted numerous frivolous objections to the motion for sanctions. (Id. at 4.) The order stated that Plaintiff would be well advised to cooperate in discovery in this action to avoid further discovery sanctions based on Defendant's assertion that she included 29 documents in her motion for summary judgment that were not previously produced in discovery. (Id. at 6.) The Court noted that Plaintiff filed a notice of availability days prior to the previously noticed motion and advised Plaintiff that such antics would not be tolerated by the Court. (Id.) Plaintiff was ordered to appear for a deposition within fifteen days from the date of service of the May 26, 2015 order and was ordered to pay sanctions of $4,445.00. (Id. at 7-9.) Plaintiff was again advised that any further motions that lack a legal basis or any further failure to comply with Court orders would result in further sanctions, up to and including the recommendation of a terminating sanction. (Id. at 9.) Plaintiff was ordered to personally appear for a hearing on June 17, 2015 and advised that her failure to comply with the

order would result in the recommendation that this action be dismissed.  (Id. at 10.)

Plaintiff received notice that her failure to comply with orders of this Court would result in the recommendation that this action be dismissed as a sanction.  The Court has imposed monetary sanctions for Plaintiff's failure to appear at the second deposition and this was not sufficient to cause Plaintiff to change her conduct.  Plaintiff has indicated that she will not pay monetary sanctions ordered by the Court.  Based on the history of this litigation, it is apparent to the Court that there are no lessor sanctions that would be sufficient to address Plaintiff's conduct in this instance.  The Court finds that Plaintiff's conduct in refusing to comply with the discovery orders is willful and this is one of those extreme circumstances in which a terminating sanction is justified.  Fair Housing of Marin, 285 F.3d at 905.  Defendant's request for additional monetary sanctions should be denied as imposition of the dismissal sanction would make the award of further monetary sanctions unjust.

Accordingly, the Court recommends that this action be dismissed as a sanction for Plaintiff's failure to comply with discovery orders in this action.

2.      Plaintiff's Cross-Motion for Sanctions

As Plaintiff has in her opposition to all of Defendant's motions to compel, she brings a cross motion for sanctions against defense counsel in this action.  Plaintiff seeks default judgment and disbarment of counsel as a sanction.  As the Court has previously found, Plaintiff fails to demonstrate any conduct on behalf of Defendant that would justify the imposition of sanctions.  Accordingly, Plaintiff's cross-motion for the imposition of sanctions should be denied.

**C.     Motion for Stay of Action**

Plaintiff seeks to have this action stayed while she pursues her petition for a writ of mandamus to prohibit the undersigned and the District Court from deciding any issues in the action and vacate all orders.

Generally, an appeal to the Ninth Circuit divests the district court of jurisdiction over all aspects of the case that are the subject of the appeal.  United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).  However, this rule does not apply to petitions for a writ of mandamus.

1  Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995).  A petition for mandamus
2  requests an extraordinary remedy that is only appropriate in exceptional circumstances.  Id.
3  Since it is only in exceptional circumstances that these petitions are granted, "the Federal Rules
4  of Civil Procedure do not provide for an automatic stay of district court proceedings while a
5  petition for writ of mandamus is pending."  Id.  The "district court does not lose jurisdiction over
6  a case merely because a litigant files an interlocutory petition for an extraordinary writ."  Ellis v.
7  U.S. Dist. Court for W. Dist. of Washington (Tacoma), 360 F.3d 1022, 1023 (9th Cir. 2004).
8  Therefore, it is in the discretion of the district court whether to stay the case pending resolution
9  of the petition for a writ of mandamus.  Woodson, 57 F.3d 1416,

10  In this instance, Plaintiff's request for mandamus is based upon frivolous incorrect legal
11  arguments.  See Reddy v. USCD-CAFR, No. 15-71815 (9th Cir. June 15, 2015).  Here, Plaintiff
12  has sought recusal of the undersigned pursuant to 28 U.S.C. § 144.  Plaintiff contends that based
13  upon her motion this court is required to recuse himself.  However, the Court has considered
14  Plaintiff's request and found that recusal is not appropriate.  Additionally, Judge Ishii has
15  considered Plaintiff's motion for reconsideration of the issue and found no grounds on which
16  recusal or disqualification is required.  Similarly, Plaintiff asserts that the District Judge may not
17  issue decisions in her action because he is on senior status and is therefore not an Article III
18  judge.

19  Finally, Plaintiff contends that this Court was deprived of jurisdiction when the forum
20  defendant was dismissed from this action.  However, Plaintiff brought this action under Title
21  VII, and the venue provisions of section 2000e-5(f)(3) apply in this action.  Johnson v. Payless
22  Drug Stores Northwest, Inc., 950 F.2d 586, 587 (9th Cir. 1991).  Accordingly, the Court
23  recommends that Plaintiff's request for a stay of the proceedings be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to compel and request for sanctions filed May 21, 2015, be GRANTED;

2. Defendant's motion to compel and request for sanctions filed June 11, 2015, be GRANTED;

3. Plaintiff's cross-motion for sanctions against Defendant be DENIED;

4. Plaintiff's motion for a stay pending resolution of her writ of mandamus be DENIED; and

5. This action be DISMISSED, WITH PREJUDICE, as a sanction for Plaintiff's failure to comply with Court orders requiring her to submit to discovery.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty (20) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE