**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISHNA REDDY, | USCA No. 15-1655 |
| | DC. No. 1:12-cv-02061-AWI-SAB |
| Plaintiff, | |
| | **ORDER REVOKING IN FORMA** |
| v. | **PAUPERIS STATUS** |
| PRECYSE SOLUTIONS, LLC, et al., | |
| Defendants. | (ECF No. 135) |
| _____/ | |

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir.1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir.2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

Plaintiff seeks to appeal a total of twenty two orders issued by this Court and the Magistrate Judge that date back over two and a half years. Those orders include the Magistrate

Judge's initial screening order; orders on Plaintiff's: motions seeking appointment of counsel, motions for interlocutory appeal, motions for change of venue, motions for recusal and disqualification of this Court and the Magistrate Judge, and repeated motions for reconsideration; and Defendants' motions to compel Plaintiff's attendance at scheduled depositions.

The merits of Plaintiff's claims have not been address since the Magistrate Judge issued his screening order in April of 2013. *See* CAED ECF No. 5. In that screening order, the Magistrate Judge found that some of Plaintiff's claims survived initial screening. Some of Plaintiff's claims may have been meritorious. That said, this action was dismissed based on Plaintiff's refusal to engage in discovery and repeated, willful failures to comply with this Court's orders – even after the Court imposed lesser sanctions and warned that terminating sanctions would result from failure to comply. *See* CAED ECF Nos. 126, 130; *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Even assuming that all of the claims in Plaintiff's initial complaint were cognizable, Plaintiff's failure to abide by court orders was fatal to her case. That independent basis for dismissal is not legally or factually subject to reasonable dispute. Plaintiff's appeal is therefore frivolous and not made in good faith.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* status is revoked.

IT IS SO ORDERED.

Dated: August 27, 2015

_____
SENIOR DISTRICT JUDGE